Citation Nr: 1305223 
Decision Date: 02/13/13 Archive Date: 02/21/13

DOCKET NO. 09-32 317A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death. 

2. Entitlement to service connection for prostate cancer for the purpose of accrued benefits.

3. Entitlement to service connection for bladder cancer for the purpose of accrued benefits.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

M. Taylor, Counsel
INTRODUCTION

The Veteran served on active duty from July 1960 to July 1983. He died in July 2007, and the Appellant is his surviving spouse. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in December 2007 of a Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2011, the Appellant withdrew her request for a hearing before the Board. 

In the rating decision in December 2007, the RO denied and service connection for prostate cancer and bladder cancer for the purpose of accrued benefits. The Board reasonably construes the Appellant's notice of disagreement in December 2008 to include the claims for accrued benefits. As a statement of the case addressing the claims has not been issued, the Board is required to remand the claims. Manlicon v. West, 12 Vet. App. 238, 240-41 (1999).

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC. 

REMAND

On the claim of service connection for the cause of death, after the statement of the case was issued in July 2009, the Appellant identified additional records to support her claim. 

As VA will make reasonable efforts to obtain relevant records not in the custody of a Federal department or agency to include private medical records, further development under the duty to assist is needed.

Also, the evidence of record is insufficient to decide the claims and VA medical opinions are needed. 

Accordingly, the case is REMANDED for the following action:

1. Ask the Appellant either to submit or to authorize VA to obtain on her behalf medical records, pertaining to treatment of the Veteran after March 2007, including records of hospice care. 

2. Arrange to have the Veteran's file reviewed by a VA physician with expertise in oncology for opinions on the following questions: 

After reviewing the records from Duke University Medical Center, specifically, the discharge summary for admission from August 29, 2006, to September 19, 2006, including the operative report and pathology reports, dated August, 30, 2006; the urologic cancer clinic note of March 29, 2007, and the death certificate: 

a). Is it more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent), that the Veteran had both metastatic cancer, involving the prostate, and incidental prostate cancer unrelated to bladder cancer?



If the Veteran had incidental prostate cancer unrelated to bladder cancer: 

b). Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), or less likely than not (probability of less than 50 percent) that the incidental prostate cancer unrelated to bladder cancer was the principal or contributory cause of the Veteran's death. 

In formulating the opinion on the cause of death, the VA examiner is asked to consider that:

A principal cause of death means that a medical condition was the immediate or underlying cause of death or was etiologically related thereto. 

A contributory cause of death means that a medical condition, not related to the principal cause of death, combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 





Generally, minor disabilities, particularly those of a static nature or not materially affecting a vital organ, would not be held to have contributed to death primarily due to an unrelated disability. 

Finally, there are primary causes of death that by their very nature are so overwhelming that eventual death can be anticipated irrespective of a coexisting condition, unless the coexisting condition was of such severity as to have a material influence in accelerating death. In this situation, however, it would not generally be reasonable to hold that a coexisting condition accelerated death unless such a condition affected a vital organ and was of itself of a progressive or debilitating nature. 

3. After the completion of the above development:

a). Issue a statement of the case on the claims of service connection of prostate cancer and bladder cancer for the purpose of accrued benefits, including notice that the Appellant still must file a timely substantive appeal in order to perfect appellate review by the Board. 






b). Adjudicate the claim of service connection of the cause of the Veteran's death. If the benefit sought is denied, furnish the Appellant and her representative a supplemental statement of the case and return the case to the Board. 

The Appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).