Citation Nr: 1513868 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 97-10 150A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho


THE ISSUES

1. Entitlement to service connection for a lung disability, to include as secondary to asbestos, chemical, biological, and radiological exposure.

2. Whether new and material evidence has been received to reopen a claim to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 

3. Whether new and material evidence has been received to reopen a claim to service connection for a traumatic brain injury (TBI). 


REPRESENTATION

Appellant (Veteran) represented by: Eric A. Gang, Attorney




WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Christopher McEntee, Counsel 


INTRODUCTION

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2014). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from May 1960 to May 1962, and on active duty for training as a reservist in the mid 1960s. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions by Regional Offices (ROs) of the Department of Veterans Affairs (VA). 

In December 1999, the Board denied the Veteran's claim for service connection for a lung disorder on the basis that the claim was not well grounded. The Veteran appealed the Board's December 1999 decision to the United States Court of Appeals for Veterans Claims (Court). In August 2002, the Court vacated that denial and remanded the Veteran's appeal to the Board for readjudication. On several occasions, the Board remanded this matter for additional development and medical inquiry. 

In May 2012, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file. 

In January 2014, the Board again denied the Veteran's claim to service connection for a lung disorder in addition to denying a claim to a total disability rating based on individual unemployability (TDIU). The Veteran appealed the decision to the Court. In August 2014, pursuant to a joint motion filed by the parties to this matter, the Court vacated the decision denying service connection for a lung disorder and remanded the matter for additional medial inquiry. The Court did not vacate the Board's decision denying the TDIU. 

The appeal regarding the claim for a lung disorder is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. 

The record in this matter consists solely of electronic claims files and has been reviewed. New and relevant documentary evidence has been added to the record since the July 2013 supplemental statement of the case (SSOC), and has been considered pursuant to a waiver of initial AOJ review of the evidence. 38 C.F.R. §§ 19.31, 20.1304(c) (2014). 


REMAND

In the August 2014 joint motion, the parties agreed that an October 2013 Veterans Hospital Administration (VHA) opinion relied on by the Board in January 2014 in denying the Veteran's claim to service connection for a lung disorder was inadequate. The joint motion also stated that the Veteran should be provided with another VA examination into his claim to service connection. 

With regard to the claims to service connection for an acquired psychiatric disorder and TBI: a June 2014 RO rating decision denied the Veteran's claims to reopen these service connection claims. The Veteran filed a notice of disagreement with the decision in June 2014. A Statement of the Case (SOC) should be issued in response. 38 C.F.R. § 19.26; Manlincon v. West, 12 Vet. App. 238 (1999).




Accordingly, the case is REMANDED for the following action:

1. Obtain and include in the claims file any outstanding VA treatment records. The most recent VA treatment records in the claims file are dated in May 2015. All efforts to obtain this evidence must be fully documented in the claims file. 

2. Thereafter, schedule the Veteran for a VA examination conducted by a pulmonologist to evaluate the nature and etiology of the lung disorders diagnosed during the appeal period (i.e., since 1995). Any indicated tests should be accomplished. The examiner should review the claims folder prior to examination, to include any newly associated records obtained as a result of this remand, and to include a copy of the remand. The examiner should then address the following inquiry:

With respect to each pulmonary disability present during the period of this claim (since 1995), is it at least as likely as not (a 50 percent or better probability) that the disability is etiologically related to the Veteran's active service?

In the response, the examiner should consider and discuss the significance of the following information:

 The Veteran served on active duty from May 1960 to May 1962. Since 1995, he has claimed that he incurred a lung disorder during service as the result of asbestos, chemical, biological, and radiological exposure.

 Service treatment records and service personnel records do not document asbestos, radiological, or biological exposure. However, personnel records note that the Veteran served as a "Chemical Warfare Helper" with a chemical warfare detachment at an army post in Alabama. 

The earliest evidence of record of any type of respiratory disability is dated in the early 1980s. VA treatment records show that, in March 1980, the Veteran was seen for a cough of several days. The assessment was bronchitis. VA medical records dated in late 1987 note a persistent cough that was assessed as bronchitis and possible mycoplasma. Through the late 1980s, the Veteran reported complaints of a persistent cough. Treatment records dated in 1990 also began listing asthma as a possible lung problem. 

 A May 2012 VA medical "problem list" notes diagnoses such as asbestosis, hypoxemia, restrictive lung disease, emphysema, chronic obstructive pulmonary disease, and bronchitis. Medical evidence also indicates that the Veteran has residuals of a gunshot wound which affect his lung(s). The gunshot wound occurred in the early 1990s. 

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.
3. Review the medical report obtained above to ensure that the remand directives have been accomplished. If the questions posed are not answered or sufficiently answered, return the case to the examiner for completion of the inquiry. 

4. After all the above development has been completed, readjudicate the claim on appeal in light of all of the evidence of record, as well as any evidence added pursuant to this Remand. If the issue remains denied, the Veteran should be provided with a SSOC, and afforded a reasonable period of time within which to respond thereto.

5. Issue a SOC regarding the claims for service connection for a psychiatric disorder and TBI based on the Veteran's June 2014 NOD. The Veteran must be provided with information about his rights and responsibilities in perfecting an appeal on these claims and be given an opportunity to respond. Only if the Veteran responds by submitting a timely substantive appeal, return the issues regarding service connection for a psychiatric disorder and TBI to the Board for further review. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).







These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).