Citation Nr: 1513862 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-43 872 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Whether referral for extraschedular adjudication pursuant to 38 C.F.R. 
§ 3.321(b)(1) for the Veteran's service-connected posttraumatic arthritis of the right knee is warranted.

2. Entitlement to an initial rating in excess of 30 percent for major depressive disorder.


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel


INTRODUCTION

The Veteran had active military service from September 1988 to March 1989. 


This matter comes before the Board of Veterans' Appeals (Board) on appeal from the January 2010 and May 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) Winston-Salem, North Carolina.

In a July 2013 decision, the Board denied an evaluation in excess of 10 percent for the right knee disability. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court).

In a July 2014 memorandum decision, the Court affirmed in part, vacated in part, and remanded the vacated matter to the Board for further action consistent with the memorandum decision. The Court found that the Board did not provide adequate reasons and bases as to whether referral for consideration of an extraschedular rating was warranted for the Veteran's right knee disability. The Court remanded this matter to the Board for readjudication.

The Court also determined that the Board's finding that the Veteran was entitled only to a 10 percent schedular disability rating for the right knee disability was not clearly erroneous. As the Court affirmed this portion of the July 2013 decision, the issue of entitlement to a schedular rating in excess of 10 percent for the Veteran's right knee disability is not before the Board. 

The issue of entitlement to an initial rating in excess of 30 percent for major depressive disorder is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran's post-operative posttraumatic arthritis of the right knee disability picture does not present an exceptional or unusual disability picture to render impractical the schedular rating criteria.



CONCLUSION OF LAW

The criteria for referral to the VA Under Secretary for Benefits or the Director of Compensation and Pension Service for adjudication of an extraschedular rating for the post-operative posttraumatic arthritis of the right knee disability have not been met. 38 C.F.R. § 3.321(b) (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.326(a). The Court issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 
38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. 

The Board's July 2013 decision found that any duty imposed on VA, including the duties to assist and to provide notification, had been met. This finding was not overturned on appeal. However, the Court ordered that the Veteran was free to submit additional evidence and argument on the remanded matter, and that the Board must consider any such evidence or argument provided.

In November 2014, VA sent the Veteran notice that a decision had been made by the Court on his appeal, that an issue had been remanded, and that he had 90 days in which to submit additional evidence and/or argument. In November 2014, the Board received a response from the Veteran stating that he waived the right to have his case remanded to the AOJ for further review of additional evidence. The Veteran did not submit any additional evidence.

As such, there remains no question as to the substantial completeness of the issue on appeal. 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R §§ 3.102, 3.159, 3.326(a). Any duties imposed on VA, including the duties to assist and to provide notification, have been met as set forth above.

Extraschedular Consideration

The Court's July 2014 decision found that the Board did not to provide adequate reasons and bases as to whether referral for consideration of an extraschedular rating was warranted for the Veteran's right knee disability. In doing so, the Court stated that the Board had failed to address the following: (1) the Veteran's contention that he has worn a knee brace for the last three years to help with his disability; (2) the Veteran's statements to the April 2013 examiner that his disability limited his ability to perform certain tasks at work, and that if he is forced to perform those tasks, he experiences swelling and stiffness that lasts for a few hours; and (3) the Veteran's March 2010 statement where he reported that the rating for his right knee did not consider the "effect of the treating medication." In sum, the Court instructed the Board to adequately address whether the Veteran's disability picture for the right knee was contemplated by the rating schedule. See 38 C.F.R. § 3.321(b)(1); Thun v. Peake, 22 Vet. App. 111, 115 (2008). 

Ratings shall be based as far as practicable, upon the average impairments of earning capacity with the additional proviso that the Secretary shall from time to time readjust this schedule of ratings in accordance with experience. To accord justice, therefore, to the exceptional case where the schedular ratings are found to be inadequate, the Under Secretary for Benefits or the Director, Compensation and Pension Service, upon field station submission, is authorized to approve on the basis of the criteria set forth in this paragraph an extra-schedular rating commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities. The governing norm in these exceptional cases is: A finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321(b)(1).

Initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule; therefore, the assigned schedular evaluation is adequate, and no referral is required. See Thun v. Peake, 22 Vet. App. 111, 115 (2008); VAOPGCPREC 6-96 (interpreting that a service-connected disability must affect employment "in ways not contemplated by the rating schedule" to invoke extraschedular referral under 38 C.F.R. § 3.321(b)(1)); Fisher v. Principi, 4 Vet. App. 57, 60 (1993) (a threshold finding that the evidence before VA presents such an exceptional disability picture that the available schedular rating for that service-connected disability is inadequate is required for extraschedular consideration referral).

The Court has clarified that there is a three-step inquiry for determining whether a veteran is entitled to an extra-schedular rating. Initially, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular rating for the service-connected disability is inadequate. Second, if the schedular rating does not contemplate a veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether the veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extra-schedular rating. Thun, 22 Vet App 111. 

The Board finds that all the symptomatology and impairment caused by the Veteran's right knee disability is specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. The Veteran's right knee disability has been manifested by pain, limitation of motion, swelling, stiffness, use of a brace, and the use of medication. The schedular rating criteria specifically provides ratings for painful arthritis (Diagnostic Code 5003, 
38 C.F.R. § 4.59) and limitation of motion (Diagnostic Codes 5260 and 5261), including motion limited by orthopedic factors such as pain and incoordination 
(38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca), which are incorporated into the schedular rating criteria. 

Further, the Board's July 2013 decision found that the Veteran did not have a diagnosis of ankylosis, nor did the evidence show recurrent subluxation or lateral instability of the right knee. Moreover, the evidence did not establish that the Veteran had dislocated semilunar cartilage with frequent episodes of "locking," pain, and effusion into the joint. Although the Veteran had arthroscopic surgery in 2008, the evidence did not demonstrate symptomatic removal of semilunar cartilage. Furthermore, the evidence of record did not reflect impairment of the tibia and fibula with nonunion or malunion, nor did it show genu recurvatum. Thus, although considered, separate ratings for other knee symptomatology were not warranted. 38 C.F.R. § 4.71a, Diagnostic Codes 5256, 5257, 5258, 5259, 5262, 5263 (2014).

The Veteran's symptoms including pain, limitation of motion, swelling, and stiffness, especially with bending, standing, squatting and walking, are specifically contemplated by the rating criteria for limitation of motion because arthritis contemplates painful limitation of motion as caused by pain, swelling and stiffness. Further, interference with sitting, standing, and weight-bearing are related considerations to painful motion. See 38 C.F.R. § 4.45. The Board finds that these complaints, including the Veteran's use of a knee brace and the use of medication, are part of, similar to, and approximate, the symptoms of limited range of motion (i.e., difficulty walking, sitting, and limitation in activity), which include limitations of motion due to DeLuca factors such as pain on movement, weakened movement, and fatigability (i.e., needing medication, use of a cane and brace, difficulty standing or walking for prolonged periods due to knee pain). The Board finds that, although the Veteran has reported taking medication for his right knee, he has not specifically stated what the effects of his treating medication involve. The Board finds that the Veteran's symptoms and overall functional impairment were considered when awarding the 10 percent schedular rating under Diagnostic Code 5010, which evaluates impairment for arthritis. Therefore, the symptoms and/or manifestations and functional impairment related to the right knee disability are fully contemplated and adequately compensated by the schedular rating criteria.

In sum, 38 C.F.R. § 4.45 and 38 C.F.R. § 4.71(a), Diagnostic Codes 5010, 5256 through 5262, specifically provide for and contemplate the Veteran's right knee symptomatology and impairment, including pain, limitation of motion, swelling, stiffness, use of a brace, and use of medication. The Board has addressed the lay evidence that was argued by the Veteran and remanded by the Court for consideration. No additional exceptional factors associated with right knee have been raised by the Veteran on remand. The criteria for submission for assignment of an extraschedular rating pursuant to 38 C.F.R. § 3.321(b)(1) have not been met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

Further, and according to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b)] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. 

In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. In this case, there is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. 


ORDER

Referral for extraschedular adjudication pursuant to 38 C.F.R. § 3.321(b)(1) for the Veteran's service-connected posttraumatic arthritis of the right knee is denied.


REMAND

In a May 2014 rating decision, the RO granted service connection for major depressive disorder and assigned a 30 percent disability rating. In a September 2014 statement, the Veteran disagreed with the 30 percent rating assigned. To date, the Veteran has not been issued a Statement of the Case (SOC) for this issue. Under the circumstances the Board has no discretion and must remand this matter for issuance of an SOC. See Manlicon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

Issue a SOC to the Veteran and his representative concerning the claim for an initial rating in excess of 30 percent for major depressive disorder. The Veteran must be advised of the necessity of filing a timely substantive appeal if he wants the Board to consider this issue. Then, only if an appeal is timely perfected, should this issue be returned to the Board for further appellate consideration, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs