**Lolita D. MANLINCON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1467.

United States Court of Appeals for Veterans Claims.

March 12, 1999.

Lolita D. Manlincon, pro se.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Ralph G. Davis were on pleadings for the appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

IVERS, Judge:

The pro se appellant, Lolita D. Manlincon, a.k.a. Lolita I. Diquino, a.k.a. Leona I. Diquino, appeals from a February 26, 1997, Board of Veterans' Appeals (Board or BVA) decision that denied basic eligibility for VA non-service-connected death pension and referred to a VA regional office (RO) a claim for dependency and indemnity compensation (DIC). The appellant has filed an informal brief with the Court, and the Secretary has filed a motion for summary affirmance. Summary disposition is not appropriate be-

cause this case requires application of an established rule of law to a novel fact situation. *See Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). For the reasons stated below, the Court will affirm in part the BVA's February 1997 decision, and will vacate the decision in part and remand a matter to the Board for further proceedings consistent with this opinion.

## I. FACTS

The appellant is the widow of the veteran, Damaso U. Manlincon, who served in the Philippine Scouts from August 1946 to April 1947. Record (R.) at 20–21, 24. The veteran died in April 1975 as a result of "[m]yocardial [i]nfection [sic]." R. at 20. Over 20 years later, in December 1995, the appellant filed an Application for DIC, Death Pension and Accrued Benefits by a Surviving Spouse, claiming that the veteran's cause of death was due to his service. R. at 14–17. Her claim was denied by the RO in April 1996 because the evidence failed to show that the veteran's death was related to service. R. at 26–27.

The RO sent a letter to the appellant explaining the denial of all benefits covered by her application, including DIC and death pension. R. at 29–31. In May 1996, the appellant filed a Notice of Disagreement (NOD) concerning the denial of her claim for a non-service-connected death pension. R. at 33. She filed a substantive appeal in June 1996, asserting entitlement to "Compensation and Dependency and Indemnity compensation due to non-service connection [sic] deaht [sic] pension." R. at 43. The February 1997 BVA decision that is the subject of this appeal referred the issue of entitlement to DIC to the RO, noting that the issue was not in appellate status but that the appellant had alluded to DIC in her substantive appeal. R. at 2. The Board upheld the denial of entitlement to death pension benefits. *Id.*

## II. ANALYSIS

The Court reviews BVA decisions under 38 U.S.C. § 7261. In this case, the part of the Board's decision concerning entitlement to death pension benefits was supported by a thorough and well-reasoned explanation, and

was properly based on the law. *See* 38 U.S.C. §§ 7104(d) (BVA is required to support decisions with written reasons or bases for findings and conclusions on all issues of material fact and law), 7261(a).

The appellant's deceased husband was a private first class in the Philippine Scouts from August 23, 1946, to April 9, 1947. R. at 24. Persons enlisted in the Philippine Scouts between October 6, 1945, and June 30, 1947, inclusive, were called "New" Philippine Scouts. *Laruan (Honorato) v. Principi,* 4 Vet.App. 100, 101 (1993). "Entitlement to [VA] benefits for [former] 'New' Philippine Scouts is limited to those benefits specified in [38 U.S.C. § 107(b) ]." *Id.* Section 107(b) of title 38 of the United States Code provides that service in the former "New" Philippine Scouts "shall not be deemed to have been active military, naval, or air service for the purposes of any of the laws administered by the Secretary" except for laws with respect to compensation for service-connected disability or death, DIC for service-connected deaths, and benefits arising from certain National Service Life Insurance contracts. 38 U.S.C. § 107(b); *see also* 38 C.F.R. § 3.8(b).

■ Active military, naval, or air service is a basic prerequisite for receipt of any VA benefits by a veteran or by a person claiming benefits based on another's status as a veteran. *See Laruan v. West,* 11 Vet.App. 80, 84–85 (1998). Pursuant to statutory and case law, the appellant's deceased husband's service in the former "New" Philippine Scouts was not active military, naval, or air service for purposes of qualifying for VA benefits except for certain specified benefits. 38 U.S.C. § 107(b); *cf. Cacalda v. Brown,* 9 Vet.App. 261, 264 (1996); *Dela Pena v. Derwinski,* 2 Vet.App. 80 (1992). Pension, or "death pension" for a surviving spouse is not a specified benefit, so it is not available to a surviving spouse of a former "New" Philippine Scout. *See* 38 U.S.C. § 107(b). Therefore, the Board's denial of the appellant's basic eligibility for a VA non-service-connected death pension was legally proper. *See Sabonis v. Brown,* 6 Vet.App. 426, 430 (1994) (where law dispositive, deny claim based on absence of legal merit); *Cacalda,* 9 Vet.App. at 265.

■ The Board erred, however, in treating the issue of entitlement to DIC as an issue "not now in appellate status." R. at 2. The Board's referral of that matter to the RO for appropriate disposition was not in accordance with law. *See* 38 U.S.C. § 7261(a)(3). The Board is required to "review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991); *see also Suttmann v. Brown,* 5 Vet. App. 127, 132–33 (1993); *Douglas v. Derwinski,* 2 Vet.App. 435, 438–40 (1992).

■ In the RO decision underlying the present appeal, the appellant's claim for DIC was expressly denied. R. at 26, 29. In her substantive appeal to the Board, the appellant, who is pursuing her appeal pro se, explicitly asserted her belief that she was entitled to "Compensation and Dependency and Indemnity compensation due to non-service connection [sic] deaht [sic] pension." R. at 43. Although her wording is not as clear as that found in the controlling statutes and regulations, a liberal reading of the appellant's substantive appeal to the Board clearly revealed that she was expressing disagreement with the RO's denial of DIC. *See Myers, supra.* Accordingly, the substantive appeal constituted an NOD as to the DIC claim because it expressed disagreement in writing with the RO decision "and a desire to contest the result." 38 C.F.R. § 20.201 (1998); *See Archbold v. Brown,* 9 Vet.App. 124, 131 (1996) (substantive appeal can constitute NOD where no prior NOD has been filed as to an issue; determination of whether a "document is an NOD is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)(1)"). Hence, this NOD initiated review by the Board of the RO's denial of the DIC claim, *see Archbold, supra,* and bestowed jurisdiction on this Court pursuant to section 402 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, 108 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note). *See Archbold,* 9 Vet.App. at 130; *Hamilton v. Brown,* 4 Vet.App. 528, 538 (1993) (en banc), *aff'd,* 39 F.3d 1574, 1582–85 (Fed.Cir.1994). Thus, the next step was for the RO to issue an SOC on the denial of the DIC claim, and the Board should have re-

manded that issue to the RO, not referred it there, for issuance of that SOC. *See Holland v. Gober,* 10 Vet.App. 433, 436 (1997) (per curiam order) (vacating BVA decision and remanding matter when VA failed to issue SOC after claimant submitted timely NOD); *see also Fenderson v. West,* 12 Vet.App. 119, slip op. at 17 (1999) (following *Holland* ).

## III. CONCLUSION

For the reasons stated herein, the Court holds that Board's denial of basic eligibility for a VA non-service-connected death pension in this case was a legally sound decision that is supported by an adequate written statement of reasons or bases, and that the Board erred in not remanding the DIC claim to the RO for issuance of an SOC. *See Hol-*

*land, supra.* The Secretary's motion for summary affirmance is denied, the February 26, 1997, BVA decision with respect to the denial of eligibility for non-service-connected death pension is AFFIRMED, and the decision is VACATED with respect to the referral of the DIC claim to the RO and that matter is REMANDED to the Board for further expeditious proceedings consistent with this opinion.