Citation Nr: 1222006 
Decision Date: 06/22/12 Archive Date: 07/02/12

DOCKET NO. 07-31 321A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Propriety in reduction of compensation benefits from $144.00 to $123.00 as a result of incarceration, effective July 1, 2011.

[The issue of entitlement to a waiver of the recovery of an overpayment of disability benefits, in the amount of $658.00, is the subject of a separate decision.]


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel 


INTRODUCTION

The Veteran had active service from June 1973 to February 1984.

This matter comes before the Board of Veterans' Appeals on appeal from a July 2011 rating determination of the Department of Veterans Affairs (VA) Regional Office (RO) located in Denver, Colorado. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC). VA will notify the Veteran if further action is required on his part. 


REMAND

In a July 2011 rating determination, the RO reduced the Veteran's disability compensation payment from $144.00 to $123.00 per month based upon his incarceration. 

In a July 2011 letter, the Veteran indicated that he was contesting the decrease in benefits. He stated that he disagreed with the decision and wanted to appeal it. He then indicated that this was his notice of disagreement (NOD). A statement of the case has not been issued as it relates to this issue. The Board is required to remand the case for issuance of the statement of the case. Manlicon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

Issue a statement of the case on the issue of propriety in reduction of compensation benefits from $144.00 to $123.00 as a result of incarceration, effective July 1, 2011. The issue should be certified to the Board only if a timely substantive appeal is received. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).


_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).