Citation Nr: 1452658 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 08-15 501 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for left carpal tunnel syndrome.
 
2. Entitlement to service connection for right carpal tunnel syndrome.

3. Entitlement to an initial disability rating in excess of 30 percent for posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Tiffany Berry, Counsel


INTRODUCTION

The Veteran served on active duty from July 1983 to October 1987 and from November 1989 to August 1993. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2001 rating decision issued by the St. Petersburg, Florida, Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Board issued a decision denying the claims of entitlement to service connection for left and right carpal tunnel syndrome in September 2006, and the Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). The Court vacated the Board's decision in March 2008. In December 2008, June 2010, and May 2012, the Board remanded the case to the RO. In April 2013, the Board again denied these claims and the Veteran appealed that decision to the Court. The Court vacated the Board's decision in March 2014 pursuant to a March 2014 Joint Motion for Vacatur and Remand (Joint Motion).

The Board notes that in February 2006, the Veteran presented testimony before a Veterans Law Judge (VLJ) who is retired from the Board. He was offered an opportunity for a new hearing regarding the claims for bilateral carpal tunnel syndrome and it was held in April 2009. Then, the VLJ who conducted the April 2009 Board hearing retired from the Board as well. In August 2014, the Veteran indicated that he did not want a third hearing in the case.

REMAND

The Veteran is claiming entitlement to service connection for bilateral carpal tunnel syndrome. Service treatment records do not mention carpal tunnel syndrome. His service separation examination dated in April 1993, noted reports of arthritis, rheumatism, or bursitis, and he denied neuritis and paralysis. Clinically, his upper extremities and neurologic status were normal. 

There are numerous private and VA treatment records associated with the claims file, as well as VA examinations dated in February 2009, September 2010 and August 2012. In relevant part, the August 2012 VA examiner concluded that the Veteran's bilateral carpal tunnel syndrome was not caused by or related to service. In rendering this opinion, the VA examiner stated that the initial episode of pain and cramping of the hand reported in 1993 was a sudden contraction of the interdigitoris muscle, which will cause cramps and pain in the hands, and that it had no relationship to carpal tunnel. Muscle spasm, which had been the diagnosis in 1993, could be caused by multiple factors, none of which included carpal tunnel syndrome. Besides, the Veteran's clinical presentation was not consistent with a carpal tunnel syndrome diagnosis. The examiner reviewed medical literature regarding the cause of muscle spasm and noted that grasping writing instruments or household tools for prolonged periods could bring on muscle cramps in the hands and fingers. 

The March 2014 Joint Motion determined that this August 2012 VA examination was inadequate for rating purposes as the examiner did not provide any medical authority to show that carpal tunnel syndrome does not cause spasms or cramps. As such, a new VA examination and medical opinion should be obtained on remand. 

On remand, the RO should also obtain and associate with the claims file any relevant VA treatment records dated since June 2014.

Finally, in an October 2012 rating decision implementing a May 2012 Board decision, the RO granted entitlement to service connection for PTSD, and assigned an initial rating of 30 percent. In September 2013, the Veteran and his attorney submitted a notice of disagreement (NOD) with respect to the initial rating assigned. See 38 C.F.R. § 20.201 (2014). To date, the RO has not issued the Veteran a statement of the case (SOC) with respect to that claim. Under the circumstances, the Board is obliged to remand the issue to the RO for the issuance of an SOC. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999).

Accordingly, the case is REMANDED for the following actions:

1. Obtain any additional and relevant VA treatment records dated since June 2014.

2. Then, schedule a VA examination in connection with the carpal tunnel syndrome claims. The examination should be conducted by a physician who has the appropriate expertise to address the matter. The claims file, including any electronic files, must be reviewed by the examiner.

The examiner should first provide an opinion as to whether carpal tunnel syndrome can cause cramps or muscle spasms. In rendering this opinion, the VA examiner is asked to fully discuss all medical evidence in the claims file, as well as all medical treatise information provided by the Veteran and his attorney in support of this claim. 

Then, the examiner is asked to provide an opinion as to whether the Veteran's bilateral carpal tunnel syndrome had its onset in/was manifested during service, or otherwise ultimately resulted from an in-service disease, injury or event. 

A complete rationale should be provided for any opinion expressed. 

If a medically sound opinion cannot be rendered without resorting to speculation, an explanation as to why that is so should be included, to include a recitation of the facts necessary to render a non-speculative opinion.

3. Issue the Veteran an SOC as to his claim seeking entitlement to an initial rating in excess of 30 percent for PTSD, to include notification of the need to timely file a substantive appeal to perfect his appeal on that issue.

4. Finally, review the evidence obtained and readjudicate the Veteran's claims. If the claims remain denied, the Veteran and his attorney should be provided with a supplemental statement of the case and given an opportunity to respond before the case is returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).