Citation Nr: 1504680 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-11 106 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Arif Syed, Counsel

INTRODUCTION

The Veteran served on active duty from May 1983 to December 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

In October 2009, the Veteran testified at a videoconference hearing before the undersigned Acting Veterans Law Judge (AVLJ). A transcript of that hearing has been associated with the claims folder. Additionally, evidence has been associated with the Veteran's claims folder included with a waiver of RO consideration. 

In a January 2014 decision, the Board granted a claim of entitlement to service connection for an acquired psychiatric disorder other than posttraumatic stress disorder (PTSD), to include major depressive disorder, claimed as secondary to service-connected disabilities. The Board also referred an issue of entitlement to TDIU to the agency of original jurisdiction (AOJ) based on a statement received by the Veteran indicating that he was unemployable due to his acquired psychiatric disorder. In September 2014, the parties to the appeal filed a Joint Motion for Remand (JMR) finding that the issue of entitlement to TDIU should have been remanded, rather than referred, to the AOJ. The Court granted the motion and remanded the matter of entitlement to TDIU for further proceedings. Accordingly, the Veteran's VA claims folder has been returned to the Board for further appellate proceedings.

In a March 2013 rating decision, the RO awarded the Veteran entitlement to service connection for degenerative joint disease of the right first metatarsophalangeal joint and assigned a noncompensable evaluation effective February 25, 2010. The RO also denied the Veteran entitlement to service connection for seborrheic dermatitis. Further, in a February 2014 rating decision, the VA Appeals Management Center (AMC) awarded the Veteran entitlement to service connection for depression secondary to service-connected conditions and assigned a 10 percent evaluation effective August 1, 2007. The electronic Veterans Appeals Control and Locator System (VACOLS) indicates that the Veteran filed a notice of disagreement (NOD) with the assigned evaluations for the right first metatarsophalangeal joint disability and the depression as well as the denial of the seborrheic dermatitis claims. As the RO has acknowledged receipt of the NOD, this situation is distinguishable from Manlincon v. West, 12 Vet. App. 238 (1999), where a NOD had not been recognized. As VACOLS reflects that the NOD has been recognized and that additional action is pending, Manlincon is not applicable in this case as to these claims.

The Board has reviewed the Veteran's claims folder as well as the record maintained in the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS).


FINDING OF FACT

On September 10, 2014, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran, through his authorized representative, that a withdrawal of this appeal is requested. Withdrawal of the claim was confirmed by the Veteran, through his authorized representative, in a statement dated January 22, 2015.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2014). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran, through his authorized representative, has withdrawn this appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.


ORDER

The appeal is dismissed.




____________________________________________
N. Rippel
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs