Citation Nr: 1513894 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 15-09 318 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Huntington, West Virginia


THE ISSUES

1. Entitlement to payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at HMP of West Virginia on April 9, 2014.

2. Entitlement to payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at the Neurology and Headache Clinic on April 8, 2014.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

Joseph R. Keselyak, Counsel


INTRODUCTION

The Veteran had active service from January 1970 to January 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal of June and July 2014 administrative decisions issued by the Department of Veterans Affairs (VA) VA Medical Center (VAMC) in Huntington, West Virginia.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In a June 2014 administrative decision, the AOJ denied the Veteran's claim for payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at HMP of West Virginia on April 9, 2014. In a separate July 2014 administrative decision, the AOJ also denied the Veteran's claim for payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at the Neurology and Headache Clinic on April 8, 2014. The Veteran received notice of these determinations, and in July 2014 filed a Notices of Disagreement (NODs) for these determinations. 

The record indicates that the NODs have been referred to "fee-basis." However, to date, a Statement of the Case (SOC) has not been issued on these issues. The Court has held that the filing of a NOD initiates the appeal process, and that the failure of the RO to issue a SOC is a procedural defect requiring a remand. See Manlicon v. West, 12 Vet. App. 238 (1999); see also Godfrey v. Brown, 7 Vet. App. 398, 408-410 (1995). Accordingly, the Board is required to remand these issues for issuance of a SOC. Id.



Accordingly, the case is REMANDED for the following action:

Evaluate the evidence of record, and issue a SOC to the Veteran regarding the issues of entitlement to payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at HMP of West Virginia on April 9, 2014, and entitlement to payment or reimbursement of unauthorized medical expenses incurred as a result of treatment at the Neurology and Headache Clinic on April 8, 2014. The Veteran is advised that a timely Substantive Appeal will be necessary to perfect an appeal to the Board concerning these matters. 38 C.F.R. § 20.302(b) (2014).

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).