Citation Nr: 1528167 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 07-19 431 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial schedular rating higher than 70 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to an initial rating higher than 10 percent for lumbar spondylolisthesis.

3. Entitlement to service connection for bladder cancer.


REPRESENTATION

Appellant represented by: Robert V. Chisolm, Attorney



ATTORNEY FOR THE BOARD

A. Gibson, Associate Counsel
INTRODUCTION

The Veteran served on active duty from January 1966 to December 1967.

These matters are before the Board of Veterans' Appeals (Board) on appeal from October 2005, April 2010, and July 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO). 

In October 2005, the RO granted service connection for PTSD and assigned an initial 30 percent rating, effective from December 3, 2004. During the course of the appeal, a higher initial rating of 70 percent has been awarded for the Veteran's PTSD, effective from December 3, 2004. In April 2010, the RO granted service connection for lumbar spondylolisthesis (L5/S1) and assigned an initial 10 percent rating, also effective from December 3, 2004. The Board remanded the Veteran's claims for higher ratings in June 2014 for additional development. 

In July 2014, the RO denied service connection for bladder cancer. The Veteran submitted a notice of disagreement in December 2014. However, he has not yet been provided a statement of the case concerning this claim.

The Veteran had a personal hearing before a member of the Board in January 2010, concerning the claim for a higher rating for PTSD. That Board member has since retired. The Veteran was offered another hearing before the Board, but he declined the opportunity in an April 2014 communication. 

The issue of entitlement to service connection for bladder cancer is REMANDED to the Agency of Original Jurisdiction (AOJ), as discussed in the REMAND section below.


FINDING OF FACT

In June 2015, prior to the promulgation of a decision in the appeal, the Veteran withdrew his claims for higher ratings for PTSD and lumbar spondylolisthesis, and hence, there remain no allegations of errors of fact or law for appellate consideration.


CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal by the Veteran as to the claim for an initial rating higher than 70 percent for PTSD have been met. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2014).

2. The criteria for withdrawal of an appeal by the Veteran as to the claim for an initial rating higher than 10 percent for lumbar spondylolisthesis have been met. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In June 2015, the Veteran, through his attorney, advised the Board that he was withdrawing his claims for higher ratings for PTSD and lumbar spondylolisthesis. Accordingly, as there remain no allegations of errors of fact or law for appellate consideration, the appeals are dismissed.

ORDER

The claim of entitlement to an initial rating higher than 70 percent for PTSD is dismissed.

The claim of entitlement to an initial rating higher than 10 percent for lumbar spondylolisthesis is dismissed.
REMAND

In a July 2014 rating decision, the RO denied service connection for bladder cancer. The Veteran submitted a notice of disagreement in December 2014. The record does not reflect that this issue has been readjudicated in a Statement of the Case (SOC), which must be accomplished. Manlincon v. West, 12 Vet. App. 238 (1999). 

Accordingly, the case is REMANDED for the following action:

Issue a statement of the case to the Veteran, with a copy to his attorney, addressing the claim for service connection for bladder cancer. The Veteran is advised that a timely substantive appeal will be necessary to perfect an appeal to the Board concerning this claim.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs