Citation Nr: 1532797 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 09-35 515 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an effective date prior to November 26, 2007 for the award of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).



REPRESENTATION

Veteran represented by: Lisa A. Lee, Attorney at Law



ATTORNEY FOR THE BOARD

M. Sorisio, Counsel


INTRODUCTION

The Veteran served on active duty from September 1950 to February 1952.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2015 rating decision of the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


REMAND

A February 2015 rating decision implemented a December 2014 Board decision by awarding the Veteran entitlement to TDIU. The February 2015 decision assigned an effective date of November 26, 2007 for entitlement to TDIU. In April 2015, the Veteran filed VA Form 21-0958, Notice of Disagreement (NOD), with this decision, alleging that the effective date of the award of TDIU should be August 23, 2006. Since the AOJ has not yet issued a statement of the case (SOC) in this matter, the Board must remand the claim for such issuance. 38 C.F.R. § 19.9(c) (noting that the Board "shall remand" a claim to the AOJ where an appellant has timely filed an NOD and the AOJ has not subsequently granted the claim or issued an SOC (emphasis added)); see Manlincon v. West, 12 Vet. App. 238 (1999). 


Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Issue an SOC as to the issue of entitlement to an effective date prior to November 26, 2007 for the award of TDIU. Advise the Veteran and his attorney of appeal rights. If an appeal is perfected in this matter, the case should be returned to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).