Citation Nr: 1542436 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 09-26 505 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in 
San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to an initial rating higher than 10 percent for a service-connected left knee disability.

2. Entitlement to an initial rating higher than 10 percent for a service-connected right knee disability.

3. Entitlement to service connection for temporomandibular joint (TMJ) syndrome.

4. Entitlement to service connection for asthma.


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel



INTRODUCTION

The Veteran served on active duty from October 2002 to September 2006. 

These matters are before the Board of Veterans' Appeals (Board) on appeal of rating decisions issued in November 2007 and May 2015 by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico and the Appeals Management Center (AMC) in Washington, DC, respectively.

The Veteran also perfected an appeal of his claim seeking service connection for a psychiatric disorder, which was subsequently granted, as reflected in a December 2011 rating decision, thereby extinguishing the related appeal.

In November 2014, the Board denied the Veteran's claim seeking service connection for bilateral hearing loss and remanded his claims seeking service connection for bilateral knee disabilities, TMJ syndrome, and asthma.

In May 2015, after completing the development requested by the Board, the AMC granted service connection for bilateral knee disabilities. The Veteran subsequently disagreed with the initial disability ratings assigned, thereby giving rise to the increased rating claims on appeal. 
 
The issues of entitlement to service connection for TMJ syndrome and entitlement to higher ratings for bilateral knee disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the agency of original jurisdiction.


FINDING OF FACT

The Veteran's asthma clearly and unmistakably preexisted service and was not aggravated beyond its natural progression during service.


CONCLUSION OF LAW

The criteria for service connection for asthma have not been met. 38 U.S.C.A. §§ 1110, 1111 (West 2014); 38 C.F.R. §§ 3.303, 3.304 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify and Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

With regard to the Veteran's service connection claim for asthma, decided herein, a standard January 2007 letter satisfied the duty to notify provisions.

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's service treatment and personnel records, as well as post-service VA treatment records, have been obtained. More recent treatment records were obtained pursuant to the Board's November 2014 remand.

The Veteran was provided VA medical examinations in March 2007 and May 2015, the most recent one pursuant to the Board's November 2014 remand. The examinations, along with the 2015 expert medical opinion, are sufficient evidence for deciding the Veteran's asthma service connection claim. The reports are adequate as they are based upon consideration of the Veteran's prior medical history and examinations, describe the disability in sufficient detail so that the Board's evaluation is a fully informed one, and the medical opinion contains a reasoned explanation. Thus, VA's duty to assist has been met for this claim.


Service Connection

In seeking VA disability compensation, a veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with active service in the Armed Forces, or if preexisting such service, was aggravated therein. 

Establishing service connection generally requires evidence of (1) a current disability; (2) in-service occurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303(a).

A veteran is presumed in sound condition except for defects noted when examined and accepted for service. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304. Clear and unmistakable (obvious and manifest) evidence that the disability existed prior to service and was not aggravated by service will rebut the presumption of soundness. The burden of proof is upon VA to rebut the presumption by producing that clear and unmistakable evidence.

The Veteran underwent an entrance examination in August 2002, at which time no history of a pre-existing respiratory disorder was reported, and no current respiratory disorder was diagnosed. Accordingly, the presumption of soundness attaches, and the Veteran's respiratory system is presumed to have been sound on entrance to service unless the presumption is rebutted. 

However, on the Veteran's August 2006 separation medical history report, the Veteran reported a history of childhood asthma that he had outgrown during his adulthood, and on his August 2006 separation examination report, the examining medical professional noted that the Veteran was treated for wheezing/shortness of breath during his first deployment to Iraq. 

The Veteran sought service connection for asthma shortly after his discharge from service, and during his related February 2007 VA general medical examination, the Veteran was diagnosed as having bronchial asthma with intermittent symptoms. However, no opinion was rendered regarding the potential relationship between the Veteran's current asthma and service. 

Given the foregoing, the Board obtained a VA medical opinion, which was rendered in May 2015, to determine whether the Veteran's asthma clearly and unmistakably existed prior to service, and if so, whether it was not aggravated by service. After examining the Veteran, diagnosing bronchial asthma, and reviewing the Veteran's claims file, the examiner opined that based on the Veteran's uncontroverted reports, both on separation from service and during the examination, that he developed asthma as a child, his asthma clearly and unmistakably preexisted service. The Board finds this opinion to be persuasive given the reasoned explanation based on the Veteran's medical history. The Board also finds that this opinion is sufficient to constitute clear and unmistakable evidence that the asthma preexisted service, which rebuts the first prong of the presumption of soundness.

The examiner also concluded that the Veteran's asthma had not been permanently aggravated during service, as his asthma flare-up during his Iraqi service was a temporary exacerbation of his preexisting asthma, and temporary exacerbations in adulthood are a normal occurrence in those who initially developed asthma during childhood. The examiner further indicated that an aggravation of the Veteran's preexisting asthma beyond its natural progression would have manifested in frequent hospitalization or respiratory failure due to asthma, neither of which occurred during service and which have also not occurred since service. Indeed, the examiner noted that the Veteran's post-service treatment records failed to reflect any treatment for asthma.

The Board also finds that this portion of the medical opinion to be persuasive as it is rendered by a medical professional with the requisite medical expertise; it is unequivocally stated; it is consistent with the evidence of record; it is supported by a detailed rationale, and it addresses the correct legal standards for in-service aggravation of preexisting medical conditions. Conversely, any assertions by the Veteran that his asthma was permanently aggravated during service lack probative value, as the Veteran, a lay person with no known medical expertise, does not possess the requisite qualifications to characterize his in-service treatment for asthma as a permanent aggravation of his preexisting condition. Thus, the Board finds that this opinion is sufficient to constitute clear and unmistakable evidence that the preexisting asthma preexisted was not aggravated by service, which rebuts the second prong of the presumption of soundness.

Once both prongs of the presumption of soundness are rebutted, the claim of service connection fails and is not substantiated. Thus, service connection for asthma is not warranted.


ORDER

Service connection for asthma is denied.


REMAND

With regard to the Veteran's claim seeking service connection for TMJ syndrome, the negative nexus VA medical opinion rendered in May 2015 relied upon the lack of documentation reflecting the Veteran's treatment for his reported in-service jaw bone fracture when concluding that the Veteran's TMJ syndrome, diagnosed during the examination, was unrelated to service. The examiner did not, as directed, consider whether the Veteran could have developed TMJ during service, without evidence of an antecedent in-service injury, by considering the jaw abnormalities detected during the Veteran's separation medical examination. Thus, the Board will remand the claim for a new opinion.

With regard to the Veteran's claims seeking increased initial ratings for his service-connected bilateral knee disabilities, a May 2015 rating decision granted service connection for these disabilities and assigned initial ratings, and the Veteran disagreed with the assigned initial ratings, as reflected in a formal notice of disagreement received in September 2015. As a statement of the case has not yet been issued, the Board is required to remand these claims, to that end. See 38 C.F.R. § 19.9(c) (2015); Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). 

Accordingly, these issues are REMANDED for the following actions:

1. Issue a statement of the case adjudicating the Veteran's claims seeking ratings higher than 10 percent for left and right knee disabilities. Inform the Veteran that if he wishes to have the Board adjudicate these claims, he must timely submit a substantive appeal (VA Form 9). 

2. Obtain a VA medical opinion from an appropriate medical professional to determine the potential relationship between the Veteran's currently-diagnosed TMJ syndrome and service. The Veteran's electronic claims file must be made available to and reviewed by the medical professional.

After reviewing the Veteran's claims file, the examiner is to opine whether it is at least as likely that the Veteran's TMJ, affirmatively diagnosed during his May 2015 VA examination, had its onset in or is otherwise related to service. 

When rendering this opinion, the examiner is to consider and comment on the clinical significance of the TMJ pop/pain reported on the Veteran's August 2006 service separation examination and evidence of "TMJ dysfunction" noted during the Veteran's March 2007 VA dental examination. 

A complete rationale must be provided for the requested medical opinion. 

3. Finally, readjudicate the service connection claim for TMJ syndrome. If the benefit sought remains denied, issue a supplemental statement of the case and return to the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs