Citation Nr: 1550116 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 14-24 145A ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Whether new and material evidence has been received to reopen a claim of entitlement to service connection for thoracic lordoscoliosis, and if so, whether service connection is warranted.

(The issue of whether the denial of entitlement to service connection for thoracic lordoscoliosis in a May 4, 1981, decision of the Board of Veterans' Appeals should be revised or reversed on the basis of clear and unmistakable error is addressed in a separate document.)


REPRESENTATION

Veteran represented by: Robert W. Legg, Attorney


ATTORNEY FOR THE BOARD

Michael Wilson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1977 to January 1978.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Baltimore, Maryland, which declined to reopen the Veteran's claim of entitlement to service connection for developmental thoracic lordoscoliosis. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

In August 2014, following issuance of the August 2013 rating decision that declined to reopen the Veteran's claim of entitlement to service connection for thoracic lordoscoliosis, the Veteran submitted a timely notice of disagreement with respect to this issue. Before the Board can consider this claim on appeal, however, it is required to remand it for issuance of a statement of the case. Cf. Manlincon v. West, 12 Vet. App. 238 (1999). 

Accordingly, this claim is REMANDED for the following action:

Issue a statement of the case with respect to the issue of whether new and material evidence has been received to reopen the Veteran's claim of entitlement to service connection for thoracic lordoscoliosis. 

This issue should not be certified or returned to the Board unless a timely substantive appeal is submitted.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).