Citation Nr: 1722224 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 12-15 395 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Fargo, North Dakota


THE ISSUES

1. Entitlement to service connection for undiagnosed illness due to service in Southwest Asia during the Persian Gulf War, to include joint pain and chronic fatigue. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU) as the result of service-connected disability.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Christopher McEntee, Counsel

INTRODUCTION

The Veteran served on active duty from September 1989 to September 1993.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Fargo, North Dakota, which is the Agency of Original Jurisdiction (AOJ) in this matter. In June 2014 and February 2016, the Board remanded the issues on appeal for additional development. The issues are again before the Board for appellate review. 

In a July 2013 VA Form 21-22, the Veteran selected The American Legion to be his authorized representative. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

A remand is warranted for the issues on appeal for two reasons: first, important correspondence must be mailed to the Veteran at his current address; second, the AOJ must readjudicate the claims because pertinent evidence has been included in the claims file since the most recent Supplemental Statement of the Case (SSOC) dated in August 2016. 

In March 2013, the Veteran notified VA that he had changed his permanent address. However, important correspondence to the Veteran dated since then has been mailed to his old address. This includes the August 2016 SSOC, the Board's June 2014 and February 2016 remands, and the AOJ's August 2015 notification letter regarding a May 2015 rating decision. 

With regard to the May 2015 rating decision: In the February 2016 remand, the Board found issuance of a SOC warranted pursuant to Manlincon v. West, 12 Vet. App. 238 (1999). The record appeared to contain a notice of disagreement (NOD) filed in November 2015 against the May 2015 rating decision. As the AOJ discussed in correspondence to the Veteran in May 2016 (also sent to the wrong address), the NOD may not be valid because it was received from an unauthorized agent that had been previously revoked. In any event, the Manlincon issue is premature in that the May 2015 rating decision is not final - the Veteran has not been properly notified of the decision. 

The AOJ should ensure that important correspondence dated since the March 2013 change of address is delivered to the Veteran at his current address. 

Further, pertinent evidence has been added to the record since the August 2016 SSOC. As the Veteran has not waived an initial review of the evidence by the AOJ, the claims on appeal should be readjudicated in a new SSOC. See 38 C.F.R. §§ 19.31, 20.1304(c). 
 
Accordingly, the case is REMANDED for the following action:

1. Undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claims. Include in the record any outstanding VA treatment records, the most recent of which are dated in April 2016.

2. Ensure that important correspondence dated since March 2013 is delivered to the Veteran's current address. The current address was initially noted in March 2013 correspondence from the Veteran to the AOJ, and is most recently noted in April 2017 correspondence from the AOJ to the Veteran. Moreover, this current permanent address is now noted in the Veterans Appeals Control and Locator System (VACOLS). 

In particular, the re-mailed correspondence must include the following documents: the August 2015 notification letter and the May 2015 rating decision it addresses, and the August 2016 SSOC. 

Please also ensure that copies of the re-mailed correspondence is provided to the Veteran's current representative, The American Legion (authorized since July 2013). 

The Board will ensure that this remand, along with the April 2014 and February 2016 remands, is mailed to the Veteran's current address. 

3. After the completion of any action deemed appropriate in addition to that requested above, the Veteran's claims should be readjudicated. All evidence received since the August 2016 SSOC should be considered. If any benefit sought remains denied, the Veteran should be provided another SSOC. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
KRISTI L. GUNN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).