﻿Citation Nr: 18132476
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-08 456
DATE: September 6, 2018
ORDER
New and material evidence having been received, the claim for entitlement to service connection for Type 2 diabetes is reopened.
Entitlement to service connection for Type 2 diabetes is granted.
Entitlement to service connection for peripheral neuropathy of the left upper extremity is granted.
Entitlement to service connection for peripheral neuropathy of the right upper extremity is granted.
Entitlement to service connection for peripheral neuropathy of the left lower extremity is granted.
Entitlement to service connection for peripheral neuropathy of the right lower extremity is granted.
REMANDED
Whether new and material evidence has been received to reopen a claim for spinal stenosis, claimed as a low back injury, is remanded.
Whether new and material evidence has been received to reopen a claim for bilateral hearing loss is remanded.
Whether new and material evidence has been received to reopen a claim for tinnitus is remanded.
Entitlement to service connection for a kidney disability, claimed as secondary to Type 2 diabetes, is remanded.
Entitlement to service connection for retinopathy, claimed as secondary to Type 2 diabetes, is remanded.
FINDINGS OF FACT
1. An unappealed February 2009 rating decision denied entitlement to service connection for Type 2 diabetes based on the determination that the Veteran did not serve in the Republic of Vietnam. 
2. The evidence received since February 2009, to include the Veteran’s lay statements and hearing testimony, and the buddy statement from C. S., describing the Veteran’s duties that placed him near the perimeter at Nakhon Phanom Royal Thai Air Force Base, when considered by itself or in connection with evidence previously assembled, relates to unestablished facts necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim of service connection for Type 2 diabetes.
3. Resolving reasonable doubt in favor of the Veteran, the Board finds that there is sufficient evidence of exposure to herbicides while serving in Thailand during the Vietnam era.
4. The Veteran has a diagnosis of Type 2 diabetes.
5. The Veteran’s peripheral neuropathy of the bilateral upper and lower extremities is proximately due to his now service-connected Type 2 diabetes. 
CONCLUSIONS OF LAW
1. The February 2009 rating decision, which denied the Veteran’s claim of entitlement to service connection for Type 2 diabetes, is final. 38 U.S.C. § 7105(c) (2012); 38 C.F.R. §§ 3.104, 3.156, 20.201, 20.302, 20.1103 (2017).
2. The evidence received since the February 2009 rating decision is new and material, and the claim of entitlement to service connection for Type 2 diabetes is reopened. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2017).
3. The criteria for service connection for Type 2 diabetes are met. 38 U.S.C. §§ 1110, 1112, 1116, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).
4. The criteria for secondary service connection for peripheral neuropathy of the left upper extremity are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a).
5. The criteria for secondary service connection for peripheral neuropathy of the right upper extremity are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a).
6. The criteria for secondary service connection for peripheral neuropathy of the left lower extremity are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a).
7. The criteria for secondary service connection for peripheral neuropathy of the right lower extremity are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.310(a).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from March 1966 to January 1970. 
This matter is on appeal from a December 2012 rating decision. 
The Veteran testified before the undersigned Veterans Law Judge during a September 2016 hearing.
A motion to advance this appeal on the Board’s docket has been raised. See September 2017 submission. Medical records showing chronic kidney failure requiring dialysis were submitted with this motion. The undersigned is granting the motion and advancing the appeal on the docket due to serious health concerns. 38 C.F.R. § 20.900(c) (2017). 

Service Connection
If a veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases, including Type 2 diabetes, shall be service connected if they become manifest to a degree of 10 percent disabling or more at any time after service. 38 C.F.R. § 3.307(a)(6) (2017). This presumption of service connection will attach, even in the absence of any evidence of the disease while in service, provided that the rebuttable presumption provisions of 38 U.S.C. § 1113 and 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e) (2017).
Service connection may also be granted for a disability that is proximately due to or the result of an established service-connected disability. 38 C.F.R. § 3.310 (2017). 
Entitlement to service connection for Type 2 diabetes
The Veteran seeks entitlement to service connection for Type 2 diabetes. He asserts that he was exposed to herbicides while serving in Thailand and later developed Type 2 diabetes as a result of the exposure to herbicides during service.
The Veteran’s private and VA treatment records clearly show that the Veteran is diagnosed with Type 2 diabetes. Therefore, resolution of the issue on appeal turns on whether the Veteran is determined to have been exposed to herbicides in service.
There are no specific statutes or regulations that govern herbicide exposure in Thailand. The claims file contains a Memorandum for the Record regarding general herbicide use in Thailand during the Vietnam Era from the Veterans Benefits Administration (VBA) in Washington, D.C. VBA reviewed several reports, including the Project CHECO Southeast Asia Report: Base Defense in Thailand, in determining whether veterans who served in Thailand were exposed to herbicides. This report contained evidence that there was a significant use of herbicides on the fenced-in perimeters of military bases in Thailand to remove foliage that provided cover for enemy forces. VA determined that herbicides used on the Thailand base perimeters may have been tactical and procured from Vietnam, or a strong, commercial type resembling tactical herbicides. See VBA Manual M21-1, IV.ii.1.H.5.b (last accessed September 6, 2018). 
The VBA Manual M21-1 notes that the Compensation Service has determined that a special consideration of herbicide exposure on a factual basis should be extended to veterans whose duties placed them on or near the perimeters of designated Thailand military bases during the Vietnam era, to include Nakhon Phanom. See VBA Manual, M21-1, IV.ii.1.H.5.a. and b (last accessed September 6, 2018). If a veteran served on one of the designated air bases as a security policeman, security patrol dog handler, member of a security police squadron, or otherwise served near the air base perimeter, as shown by daily work duties, performance evaluations, or other credible evidence, then herbicide exposure should be acknowledged on a facts-found or direct basis. Id.
The Veteran’s personnel records confirm that he served at Nakhon Phanom Royal Thai Air Base in Thailand from August 12, 1968, to August 12, 1969. Although the Veteran’s MOS of jet engine mechanic is not obviously consistent with exposure to the base perimeter, he asserts that he was, in fact, exposed to the base perimeter on a regular basis. He contends that his duties as a jet engine mechanic required him to test jet engines on portable cell test units that had to be taken out to the base perimeter for testing because of noise and heat pollution. He indicated that he was the only person on base certified to do these engine tests. The Veteran also contends that he worked on the flight line installing engines on helicopters used in Search and Rescue missions in Vietnam. In support of his contentions, the Veteran submitted a statement from C. S., an individual who served with him at Nakhon Phanom as an air policeman. See February 2016 statement. C. S. confirmed that he ran into the Veteran quite often on the flight line as well as the perimeter of the base where the Veteran was in charge of portable jet engine test cells. Moreover, the Veteran’s personnel records contain performance reviews describing his duties, which included testing jet engines on portable cell units.
The Board finds that the Veteran’s assertions are both competent and credible. The Veteran has been cooperative in seeking out sources of corroborative evidence to support his claim, and the Board finds no reason to doubt his credibility. Although the Veteran’s MOS is not necessarily consistent with perimeter contact, he has claimed that he had contact with the perimeter regularly as a result of his duties as a jet engine mechanic. His assertions are supported by his personnel records and the buddy statement from C. S., and there is no evidence contradicting his claims of perimeter contact. Therefore, the Board finds that the Veteran is credible when describing his activities along the perimeter of his base at Nakhon Phanom. 
Resolving all reasonable doubt in the Veteran’s favor, the Board finds that he was exposed to herbicide agents while he was stationed in Thailand during the Vietnam era. Service connection for Type 2 diabetes is granted on a presumptive basis.
Entitlement to service connection for peripheral neuropathy of the bilateral upper and lower extremities
The Veteran also seeks entitlement to service connection for peripheral neuropathy of the left upper extremity, right upper extremity, left lower extremity, and right lower extremity, claimed as secondary to his Type 2 diabetes.
The Veteran has a current diagnosis of diabetic peripheral neuropathy of the bilateral upper and lower extremities. See, e.g., May 2013 private treatment record from Joslin Diabetes Center, June and July 2013 private treatment records from Dr. L. K., and September 2015 VA treatment record. As service connection is being granted for Type 2 diabetes herein, service connection for peripheral neuropathy of the left upper extremity, right upper extremity, left lower extremity, and right lower extremity is also warranted on a secondary basis.
REASONS FOR REMAND
Regarding the claims of whether new and material evidence has been received to reopen a claim for spinal stenosis; whether new and material evidence has been received to reopen a claim for bilateral hearing loss; whether new and material evidence has been received to reopen a claim for tinnitus; entitlement to service connection for a kidney disability; and entitlement to service connection for retinopathy, the Veteran submitted a timely notice of disagreement with a May 2017 rating decision, but a statement of the case has not yet been issued. A remand is required for the AOJ to issue a statement of the case. 38 C.F.R. § 20.200; Manlincon v. West, 12 Vet. App. 238, 240-41 (1999).
The matters are REMANDED for the following action:
Send the Veteran and his representative a statement of the case that addresses the issues of whether new and material evidence has been received to reopen a claim for spinal stenosis; whether new and material evidence has been received to reopen a claim for bilateral hearing loss; whether new and material evidence has been received to reopen a claim for tinnitus; entitlement to service connection for a kidney disability; and entitlement to service connection for retinopathy. 

If the Veteran perfects an appeal by submitting a timely VA Form 9, the issues should be returned to the Board for further appellate consideration.

 
MICHAEL LANE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Department of Veterans Affairs