﻿Citation Nr: 19172659
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 01-05 287
DATE: September 19, 2019

REMANDED

Entitlement to an effective date earlier than June 20, 2009, for the grant of entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

Entitlement to an effective date earlier than August 25, 2008, for the grant of entitlement to Dependents’ Educational Assistance (DEA) benefits is remanded.

Entitlement to service connection for a right leg condition, to include as secondary to a service-connected disability, is remanded.

Entitlement to service connection for a left leg condition, to include as secondary to a service-connected disability, is remanded.

Entitlement to service connection for a right hip disorder, to include as secondary to a service-connected disability, is remanded.

Entitlement to service connection for a left hip disorder, to include as secondary to a service-connected disability, is remanded.

REASONS FOR REMAND

The Veteran had honorable active duty service from August 1979 to January 1981.

These matters come to the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in September 2009, March 2010 and October 2018. 

The September 2009 rating decision granted entitlement to a TDIU and the March 2010 rating decision granted entitlement to DEA benefits, both effective June 20, 2009. This appeal ensued. 

In a September 2012 decision, the Board denied the claims for entitlement to an effective date earlier than June 20, 2009, for the grant of TDIU and DEA benefits. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In an April 2013 Joint Motion for Partial Remand, the parties requested that the Court vacate the September 2012 Board decision. In a May 2013 Order, the Court granted the Joint Motion. 

The effective date assigned for the grant of entitlement to DEA benefits was amended to August 25, 2008, in an August 2013 rating decision. The Board thereafter issued a May 2014 decision that denied entitlement to an effective date earlier than June 20, 2009, for the grant of TDIU and DEA benefits. 

The Veteran again appealed to the Court. The Court issued a Memorandum Decision in November 2015 that vacated the May 2014 Board decision. The claims, still styled as entitlement to an effective date earlier than June 20, 2009, for the grant of TDIU and DEA benefits, were remanded by the Board in November 2016. The Board has recharacterized the issue involving an earlier effective date for the grant of DEA benefits to reflect the August 25, 2008 effective date. 

The October 2018 rating decision denied the Veteran’s claims for service connection for disorders of the right and left legs and right and left hips.

Entitlement to an effective date earlier than June 20, 2009, for the grant of entitlement to a TDIU.

The April 2013 Joint Motion tasked the Board with discussing whether the Veteran’s employment for the period prior to June 20, 2009, could be considered marginal. Review of the records obtained following the November 2016 remand that are related to the Veteran’s participation in VA’s vocational rehabilitation program indicate that there are references to employment not listed on the VA Forms 21-8940 submitted in conjunction with his claims for TDIU. In addition, there was no development done in conjunction with the VA Form 21-8940 received in November 2006. 

On remand, the Veteran should be instructed to fill out a VA form 21-8940 with specific information about his employment history since the year 2000, specifically the employment reported in June 2000 at Steve’s Detail Shop; in October 2002 in a VA work study program; in August 2005 at Lumber Investors; and in September 2007 as a dispatcher with the Grant Parish Sheriff’s Office. He should also be asked to provide information related to his income since the year 2000 and the RO should re-request information related to the Veteran’s employment with the Rapides Parish Drug Court reported between February 2008 and October 2008. See November 2006 VA Form 21-8940. 

Entitlement to an effective date earlier than August 25, 2008, for the grant of entitlement to DEA.

The Veteran’s DEA claim is “derived” from his TDIU claim and this issue is also remanded pending development of the Veteran’s TDIU claim. See Joint Motion at 6; see also 38 C.F.R. § 3.807 (a). 

Service Connection Claims: Right Leg, Left Leg, Right Hip, Left Hip

The Veteran filed a notice of disagreement (NOD) following the issuance of the October 2018 rating decision regarding the claims for service connection involving both legs and both hips. See December 2018 VA Form 21-0958. Although the NOD was acknowledged, there is no indication that a statement of the case (SOC) has been issued to the Veteran addressing these claims. The Court has held that where a NOD has been filed with regard to an issue, and a SOC has not been issued, the appropriate Board action is to remand the issue to the RO for issuance of a SOC. Manlincon v. West, 12 Vet. App. 238 (1999). This must be accomplished on remand.

The matters are REMANDED for the following action:

1. Provide the Veteran a VA form 21-8940. Instruct him that the form must be filled out with all employment since 2000, including at Steve’s Detail Shop in June 2000; in a VA work study program in October 2002; at Lumber Investors in August 2005; with the Rapides Parish Drug Court between February 2008 and October 2008; and with the Grant Parish Sheriff’s Office in September 2007. 

2. Ask the Veteran to provide proof of his annual salary, such as copies of salary statements, wage receipts, W-2s, and/or tax returns for each year starting in 2000.

3. Provide the Veteran a statement of the case with respect to the issues of entitlement to service connection for disorders of the right and left legs and right and left hips, to include as secondary to service-connected disability. The Veteran should be informed of the actions necessary to perfect an appeal on these issues. Thereafter, these issues are to be returned to the Board only if an adequate and timely substantive appeal is filed.

4. If the earlier effective date claims remain denied, issue a supplemental statement of the case.

 

 

Carrie Boyd Iwanowski

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Van Wambeke, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.