Citation Nr: 1542428 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 10-45 134 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho


THE ISSUE

Entitlement to a temporary total evaluation for convalescence following hernia repair surgery. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

R. Williams, Counsel


INTRODUCTION

The Veteran served on active duty from April 1985 to April 1989, and November 1989 to November 1993. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boise, Idaho, which denied the benefit sought on appeal. 

An October 2014 Board decision denied entitlement to a temporary total evaluation for convalescence following hernia repair surgery. The Veteran appealed the Board's October 2014 decision to the United States Court of Appeals for Veterans Claims (Court). By Order dated in August 2015, the Court granted a Joint Motion for Remand (Joint Motion), vacating the Board's decision and remanding the matter to the Board for further proceedings consistent with the Joint Motion. In order to accomplish the directives of the Joint Motion, the claim will be remanded as set forth below. 

This appeal was processed using the Virtual Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

The Regional Office issued a rating decision in November 2014 denying entitlement to compensation under 38 U.S.C. 1151 for chronic pain syndrome, nerve damage in lower back with urinary incontinence, erectile dysfunction and muscle spasms, and lower extremity neuropathy. The Veteran filed a timely notice of disagreement with the appeal shortly thereafter and elected the Decision Review Officer process. The RO has not yet issued a statement of the case regarding those claims. The Board acknowledges that ordinarily the Veteran's claims should be remanded for issuance of a statement of the case pursuant to Manlicon v. West, 12 Vet. App. 238 (1999). However, the Veteran's virtual claims file shows that the RO recently issued a letter describing what happens next and thus, the Board finds that those issues are being processed by the RO and are not ripe for adjudication by the Board. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The claim must be remanded for further development to ensure compliance with the directives of the Joint Motion.

In the Joint Motion, the parties (through their representatives) found that the June 2010 VA examination relied upon by the Board in its October 2014 Board decision to be inadequate in that the examiner did not adequately consider relevant evidence in determining whether the Veteran's hernia repair was related to his service-connected irritable bowel syndrome. As noted in the Joint Motion, varying diagnoses provided in the operative report and the Veteran's lay statements as to the location of the hernia were not adequately considered in the VA examiner's opinion. 

Given the parties' conclusion that the June 2010 VA examination was inadequate, the Board was directed therein to obtain clarification or a new examination or opinion. 38 U.S.C.A. § 5103A(d); Barr v. Nicholson, 21 Vet. App. 303 (2007). As such, the AOJ will be directed to obtain an addendum opinion from the examiner who conducted the June 2010 VA examination that is responsive to the Joint Motion. The examiner is requested to consider the postoperatively diagnosed umbilical hernia reported in the February 2010 operative report. The VA examiner should also take into consideration the Veteran's testimony noted in the December 2011 RO hearing transcript that he felt a rip occur when he was sitting on the toilet, bearing down, and that his bearing down caused a rip from which the hernia eventually protruded. If the June 2010 VA examiner is unavailable, the AOJ should forward the claim to another appropriate physician to obtain the requested opinion. 

Accordingly, the case is REMANDED for the following actions:


1. Forward the Veteran's entire claims file to the VA physician who conducted the June 2010 VA examination or a suitable substitute. 

The physician should offer an opinion, consistent with sound medical judgment, addressing whether it is at least as likely as not that the Veteran's hernia repair surgery is caused by or related to his service-connected irritable bowel syndrome.

In rendering the requested opinions, the physician must consider and discuss all pertinent medical and lay evidence of record, to include postoperatively diagnosed umbilical hernia reported in the February 2010 operative report and the Veteran's testimony noted in the December 2011 RO hearing transcript that he felt a rip occur when he was sitting on the toilet, bearing down, and that his bearing down caused a rip from which the hernia eventually protruded as referenced in the Joint Motion. 

If the June 2010 VA examiner is unavailable, forward the claims to another appropriate physician to obtain the requested opinion. 

The physician should set forth the complete rationale for the conclusions reached.

4. After completing the requested actions, and any additional notification and/or development deemed warranted, readjudicate the claim on appeal in light of pertinent evidence and legal authority. If the claim remains denied, provide the Veteran and his representative an appropriate supplemental statement of the case that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).