Citation Nr: 1607923 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 08-28 746 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with alcohol abuse in remission from September 28, 2005.

2. Entitlement to an effective date earlier than September 28, 2005 for the grant of service connection for PTSD with alcohol abuse in remission.

3. Entitlement to a total disability rating based on individual unemployability.


REPRESENTATION

Appellant represented by: New York State Division of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

Appellant and Daughter


ATTORNEY FOR THE BOARD

Ryan Frank, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1966 to February 1968.

This case comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions by the New York, New York Department of Veterans Affairs (VA) Regional Office (RO). 

This issue of entitlement to an increased rating for PTSD was remanded by the Board in June 2012 and September 2014 for further development. It has now been returned to the Board for adjudication.

In December 2015, the Veteran testified at a video conference hearing at the RO before the undersigned. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. Accordingly, any future consideration of the appellant's case should be applied to those electronic records. 

In her November 2009 notice of disagreement with the disability rating and effective date assigned for PTSD, the Veteran alleged that she was no longer employable due to a combination of disabilities. Accordingly, in June 2012 the Board referred the issue of entitlement to a total disability rating based on individual unemployability to the RO. In July 2014, the RO denied the Veteran's claim because she had not submitted the proper claim form. In December 2015, VA received the relevant form. Although no development has taken place, precedent case law holds that a claim of entitlement to a total disability evaluation based on individual unemployability due to service connected disorders is "part of," and not separate from, a claim of entitlement to an increased rating. See Rice v. Shinseki, 22 Vet. App. 447, 453 (2009). For this reason, the Board has jurisdiction over this issue. 

During the December 2015 hearing, the Veteran stated her intent to withdraw a claim of entitlement to service connection for a right ankle disorder. The Board denied that claim in a September 2014 decision and the Veteran did not appeal to the Court. This issue is therefore not within the jurisdiction of the Board and cannot be considered at this time. Any consideration would also be moot, given the Veteran's intent to withdraw the claim. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran testified during the December 2015 hearing that her mental health treatment has been solely through VA for five to ten years. During a February 2010 VA treatment appointment, the Veteran indicated that she was seeing a private psychologist once a week and a private psychiatrist once a month. Because the period on appeal is from September 2005 to the present, a remand is necessary to obtain those records so that the Board can gain a better understanding of the appellant's condition in the first half of the period on appeal. 

In addition, the Veteran was last afforded a VA compensation examination for PTSD in September 2009 and the appellant's testimony and treatment records indicate that her condition may have worsened. On remand, the AOJ should also afford the Veteran a new examination so that the Board can gain a better understanding of the current nature of her posttraumatic stress disorder.

In her November 2009 notice of disagreement, the Veteran contended that her disability rating for PTSD "should have been higher" due to "years" of symptoms. Reading this contention liberally the Board finds that she has filed a notice of disagreement with both the rating and effective date for the grant of service connection for PTSD. Although the RO changed the effective date for the grant of service connection in a June 2013 rating decision after finding a clear and unmistakable error, the Veteran has indicated continued disagreement with the effective date, most recently during the December 2015 hearing. Because the RO has yet to issue a statement of the case on this issue, a remand is also necessary to address that deficiency. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding, pertinent records of treatment of the Veteran from the Northport VA Medical Center and its affiliated clinics. All records received should be associated with the claims file by placement in VBMS, not Virtual VA. If the AOJ cannot locate any Federal records requested herein, it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The claimant must then be given an opportunity to respond. 
 
2. The AOJ shall ask the Veteran to provide any releases necessary for VA to secure any outstanding private records of treatment she has received for her psychiatric disorder from private health care providers. The AOJ should then obtain copies of all pertinent records from all identified sources which have not previously been secured for inclusion in the claims file. All records received should be associated with the claims file by placement in VBMS, not Virtual VA. If the AOJ cannot locate such records, the AOJ must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The claimant must then be given an opportunity to respond. 

3. Thereafter, the Veteran for an appropriate VA psychiatric examination with a psychiatrist or psychologist to address the current severity of her PTSD. The examiner must be provided access to the Veteran's files in Virtual VA and VBMS. The examiner must specify in the report that all Virtual VA and VBMS records have been reviewed. Any indicated evaluations or studies should be conducted. A complete rationale for any opinions expressed must be provided.

The examiner should specifically provide a full multi-axial diagnosis, to include a global assessment of functioning score related to the Veteran's PTSD. All signs and symptoms of psychiatric disability should be reported in detail. If the examiner concludes that the Veteran has additional psychiatric diagnoses unrelated to her service-connected PTSD, he or she must state whether the symptoms of the separate disorders can be differentiated and provide an explanation as to why they can or cannot be separated or differentiated, and discuss what symptoms are related specifically to the Veteran's service-connected PTSD.

That examiner must also address whether it is at least as likely as not (at least a 50/50 chance) that the Veteran's service-connected psychiatric disorder alone either now or at any time during the appellate period has prevented or now prevents all forms of substantially gainful employment that are consistent with her educational and occupational experience. 

The examiner must set forth all examination findings with a complete explanation based on the facts of this case and any relevant medical literature for the comments and opinions expressed. If any question cannot be answered without resorting to pure speculation, the examiner must provide a complete explanation as to why that is so.

4. The AOJ must issue a statement of the case addressing the claim of entitlement to an effective date earlier than September 28, 2005 for the grant of service connection for PTSD. The Veteran is hereby notified that, following the receipt of the statement of the case concerning this issue, she must file a timely substantive appeal if she desires appellate review by the Board. If, and only if, the Veteran files a timely substantive appeal, the AOJ should return this issue to the Board for appellate review. 

5. Notify the Veteran that it is her responsibility to report for any scheduled examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). 
 
6. Ensure that the examination report fully complies with these remand directives. The AOJ must ensure that the examiner document his or her consideration of the Veteran's paperless claims file. If the report is insufficient, it must be returned to the examiner for necessary corrective action, as appropriate. 
 
7. After undertaking any other development deemed appropriate, readjudicate the claims of entitlement to an initial rating in excess of 50 percent for PTSD and a total disability evaluation based on individual unemployability. If any benefit sought is not granted, the Veteran and her representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).