http://www.va.gov/vetapp16/Files4/1634355.txt

Citation Nr: 1634355 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 05-27 445 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama

THE ISSUES

1. Entitlement to service connection for a disability manifested by left rotator cuff dysfunction, to include as secondary to his service-connected PTSD.

2. Entitlement to service connection for a low back disability, to include as secondary to his service-connected PTSD.

3. Entitlement to service connection for headaches, including as due to an undiagnosed illness or as secondary to his service-connected PTSD.

4. Entitlement to service connection for acne, including as due to an undiagnosed illness or as secondary to his service-connected PTSD.

5. Entitlement to service connection for alopecia, including as due to an undiagnosed illness or as secondary to his service-connected PTSD.

6. Entitlement to an effective date earlier than July 26, 2011, for the grant of a total disability rating based upon individual unemployability (TDIU) due to a service-connected disability.

REPRESENTATION

Veteran represented by: Robert V. Chisholm, attorney

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

Jack S. Komperda, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1990 to August 1991, which includes service in the Persian Gulf Theater of Operations as well as Desert Storm/Desert Shield from January to July 1991. He also served a period of active duty for training from August 1990 to December 1990.

This case comes before the Board of Veterans' Appeals (Board) on appeal from September 2003 and October 2015 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In October 2009, the Veteran testified at a Travel Board hearing before the undersigned acting Veterans Law Judge. A transcript of the proceeding is in the record. The Veteran's service connection issues were last before the Board in September 2014, at which time the Veteran's claims were remanded for additional development. For the reasons stated below, another remand is required before the Board can adjudicate the Veteran's claims.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran has variously maintained that his service connection claims are due to his Gulf War service, an undiagnosed illness, or due to the "stresses" of service.

In September 2014, the Board remanded the Veteran's claims in order to obtain supplemental VA opinions that considered the Veteran's reported history and the various theories he set forth in his statements. In January 2015, a VA examiner concluded that it was less likely than not (less than 50 percent probability) that the Veteran's headaches, alopecia, acne, low back and left shoulder problems were caused by, proximately due to, or permanently aggravated beyond its natural progression by his service-connected PTSD. In support of these various conclusions, the VA examiner repeated the same rationale that PTSD was not known to medical science to be associated with any of these conditions.

However, the January 2015 VA examiner did not provide any explanation to support these largely conclusory opinions. Further, the VA examiner did not refer to the particular circumstances of the Veteran's various claims or address his contentions that the stresses from his service may have caused or contributed to these conditions. As such, the VA examiner's opinions are inadequate to adjudicate the Veteran's claims on a secondary basis. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

A separate VA examiner also provided opinions addressing direct service connection in January 2015 for several of the Veteran's claims that are inadequate. Namely, a VA examiner concluded that "[a]ccording to the clinical definition of male pattern baldness, acne, and the VA statutes and regulations" neither the Veteran's acne nor his alopecia were caused by his Gulf War service. The VA examiner noted that male pattern baldness was "genetic" but did not specifically state whether he believed the Veteran's alopecia was a hereditary condition unrelated to service. As for the Veteran's acne claim, the VA examiner based his opinion on the lack of service treatment records documenting the condition while the Veteran was on active duty without considering his lay statements concerning the onset of the condition. 

The January 2015 VA examiner's opinion concerning the Veteran's left shoulder condition noted a 2013 MRI result noting "DDD" which presumably refers to an April 2013 VA treatment record showing the Veteran underwent an MRI of the cervical spine which revealed degenerative disc disease. While it is not clear based on the examiner's opinion, he may have also been referring to April 2013 MRI results of the left shoulder which revealed moderate acromioclavicular degenerative joint changes. The VA examiner's opinion concluded it was less likely than not that the Veteran's left shoulder condition was related to service. However, the opinion appears to rely on the absence of service treatment records documenting treatment for the left shoulder while on active duty and does not explain how he arrived at the conclusion that the April 2013 MRI findings could be indicative of overuse, aging or injury. In light of these deficiencies, remand is needed to obtain addendum VA opinions.

Finally, in an October 2015 rating decision, the RO granted entitlement to a TDIU and assigned an effective date of July 26, 2011. In April 2016, the Veteran filed a Notice of Disagreement as to the effective date of the grant of TDIU. A Statement of the Case must be sent to the Veteran on this issue. See Manlicon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the examiner who conducted the Veteran's January 2015 VA examinations (or another appropriate examiner if that examiner is unavailable) for supplemental comment on the etiology of the Veteran's left shoulder and low back conditions, headaches, acne and alopecia. The claims file, to include a copy of this Remand, must be made available to the examiner for review prior to the exam. If the examiner determines that an addendum opinion cannot be provided without an examination, the Veteran should be scheduled for an appropriate examination. Any indicated evaluations, studies, and tests should be conducted. Based on the examination, if deemed necessary, and review of the record, the examiner is requested to address the following questions:

(a) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's alopecia had its onset in service or is otherwise related to active duty?

(b) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's acne had its onset in service or is otherwise related to active duty?

(c) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's left shoulder condition had its onset in service or is otherwise related to active duty?

(d) Is it at least as likely as not (50 percent or higher degree of probability) that the Veteran's alopecia, acne, headaches, low back condition or left shoulder condition were caused by his service-connected PTSD?

(e) Is it at least as likely as not (50 percent or higher degree of probability) that the Veteran's alopecia, acne, headaches, low back condition or left shoulder condition were aggravated by his service-connected PTSD?

The examiner should provide a complete rationale for any opinion provided and should specifically comment on the Veteran's lay statements concerning the onset and progression of his various health problems. 

A clear rationale for any opinions expressed and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. If the examiner cannot provide an opinion without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

2. Issue a Statement of the Case for the issue of entitlement to an effective date earlier than July 26, 2011, for the grant of a TDIU due to a service-connected disability. Only if the Veteran perfects an appeal should the claim be certified to the Board.

3. Then re-adjudicate the Veteran's claims. If any benefit remains denied, issue an appropriate Supplemental Statement of the Case (SSOC), and give the Veteran and his representative an appropriate opportunity to respond. The case should then be returned to the Board, if otherwise in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).