http://www.va.gov/vetapp16/Files6/1644956.txt

Citation Nr: 1644956 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 11-00 192A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado

THE ISSUES

1. Entitlement to an increased rating for right shoulder hemiarthroplasty and dislocations with residual scar and arthritis.

2. Entitlement to an extension of the temporary total rating for convalescence following right shoulder surgery beyond July 1, 2009.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel

INTRODUCTION

The Veteran served on active duty from February 1989 to February 1995.

This matter comes before the Board of Veterans' Appeals (Board) from a rating decision issued in July 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. 

In September 2014, the Veteran testified at a Board hearing conducted via video-conference before the undersigned; a transcript of that hearing is of record.

In May 2015, the Board granted service connection for left shoulder and right knee disabilities, and remanded the Veteran's claims seeking an increased rating for his right shoulder disability and an extension of the total rating awarded for convalescence from a related surgery for additional development. Such was achieved, and the appeal has been returned to the Board for further appellate review.

The Board observes that in a September 2016 rating decision, the RO denied the Veteran's claim for Dependents' Educational Assistance (DEA) benefits. In correspondence dated later that month, the Veteran submitted a Notice of Disagreement (NOD) with this determination. Typically, when there has been an initial RO adjudication of a claim and a NOD has been filed as to its denial, the appellant is entitled to a Statement of the Case (SOC), and the RO's failure to issue a Statement of the Case is a procedural defect requiring remand. Manlincon v. West, 12 Vet. App. 238 (1999). However, in this case, in response to the Veteran's NOD, the RO issued a letter on September 23, 2016 acknowledging the NOD, and recognizing the Veteran's election of the Decision Review Officer (DRO) process to handle his appeal. The Veteran has since submitted additional evidence in support of his appeal. As the RO has acknowledged receipt of the NOD, this situation is distinguishable from Manlincon v. West, 12 Vet. App. 238 (1999), where a NOD had not been recognized. As the RO is properly addressing the NOD, no action is warranted by the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 

REMAND

With regard to the Veteran's claim seeking an increased rating for his right shoulder disability, the most recent VA treatment records on file date from April 2016 and no later. Importantly, a VA treatment record dated April 12, 2016 indicated that the Veteran was to have a consult with the orthopedic clinic regarding care for his right shoulder in VA's facilities in Golden, Colorado. However, that consult report is not of record. Similarly, at a May 2016 VA examination, a VA examiner indicated that the Veteran "is scheduled for a CT of his right shoulder shortly, and then will be undergoing a right total shoulder replacement surgery within the next year." See the May 2016 VA Shoulder and Arm VA Examiner's report, at 2. The record contains no more recent medical evidence, to include records of this scheduled CT exam, or any additional surgery. As it appears there are pertinent outstanding VA treatment records dating from April 2016 to the present that are not yet associated with the record, the issue must be remanded so they may be obtained. 

The Board adds that it does not appear that the RO has had the opportunity to review VA treatment records associated with the Veteran's file dated from May 2015 to April 2016, or the May 2016 VA shoulder examination report, in connection with the Veteran's increased rating claim. As the Veteran's appeal was perfected prior to February 2013, such records are not subject to initial review by the Board, and the Veteran has not specifically waived initial AOJ review. See 38 U.S.C.A. § 7105 (e) (West 2014). 

With regard to the Veteran's claim seeking an extension of his temporary total rating awarded during his convalescence following his February 2009 right shoulder surgery, the Board wishes to acknowledge the recent holding of the Federal Circuit in Hudgens v. McDonald, 823 F.3d 630 (Fed. Cir. 2016), indicating that partial knee replacements were not excluded from being rated under 38 C.F.R. § 4.71a, Diagnostic Code 5055 (which applies to knee replacements). As the Veteran's 2009 shoulder surgery included a partial shoulder replacement, and the language of Diagnostic Code 5051 (which applies to shoulder replacements) is virtually identical to that of Diagnostic Code 5055, on remand, the AOJ should consider the applicability of Diagnostic Code 5051 in adjudicating whether an extension of the temporary total period following the Veteran's 2009 surgery is indeed warranted, and whether a rating under Diagnostic Code 5051 for all times following the temporary total period is similarly warranted in light of the Federal Circuit's holding in Hudgens. 

Accordingly, the case is REMANDED for the following action:

1. With any assistance needed from the Veteran, obtain any outstanding VA or private treatment records dated from April 2016 to the present day, to include records of orthopedic care from VA's facilities in Golden, Colorado, and any subsequent CT scan or surgery notes, as referenced by the VA examiner in a May 2016 report. All efforts to obtain such records should be documented in the claims file. 

2. Readjudicate the Veteran's claim seeking an increased rating for his right shoulder disability and an extension of his temporary total rating awarded for convalescence following his February 2009 right shoulder surgery, to specifically include consideration of all evidence associated with the claims file from May 2015 to the present day. If upon obtaining additional medical records further development is deemed necessary, such should be completed. 

In readjudicating both claims, the AOJ should specifically consider whether rating Veteran's right shoulder disability under Diagnostic Code 5051 is appropriate in light of the Federal Circuit's May 2016 decision in Hudgens v. McDonald, 823 F.3d 630 (Fed. Cir. 2016). 

If the full benefits sought with regard to either claim remain denied, issue a related Supplemental Statement of the Case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
V. CHIAPPETTA
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).