Citation Nr: 1722261 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 12-23 770 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES
 
1. Entitlement to a disability rating in excess of 30 percent for posttraumatic stress disorder prior to October 5, 2009.
 
2. Entitlement to a disability rating in excess of 50 percent for posttraumatic stress disorder from October 5, 2009.
 
3. Entitlement to a total disability based on individual unemployability prior to October 5, 2009.
 
4. Entitlement to a total disability based on individual unemployability from October 5, 2009.
 
 
REPRESENTATION
 
Appellant represented by: Adam Werner, Attorney
 
WITNESS AT HEARING ON APPEAL
 
Veteran


ATTORNEY FOR THE BOARD
 
E. Ko, Associate Counsel
 
 
INTRODUCTION
 
The Veteran had active service from January 1966 to March 1968. 
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from April 2010 and January 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 
 
The Veteran testified at an August 2015 videoconference hearing before the undersigned. A copy of the transcript is of record.
 
In its March 2016 decision, the Board denied entitlement to a rating in excess of 50 percent for posttraumatic stress disorder as well as entitlement to a total disability rating due to individual unemployability, each from October 5, 2009. The appellant appealed that portion of the Board's decision to the United States Court of Appeals for Veterans Claims (Court). 

In March 2016, the Board also remanded the issues of entitlement to a disability rating in excess of 30 percent for posttraumatic stress disorder, and entitlement to a total disability based on individual unemployability, each prior to October 5, 2009, for further development in light of the decision in Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). That development has been completed and these issues are now before the Board. 
 
In a January 2017 Order the Court granted a January 2017 joint motion for partial remand, and vacated the Board's March 2016 decision, to the extent it declined to award a disability rating in excess of 50 percent for posttraumatic stress disorder from October 5, 2009 and a total disability rating due to individual unemployability from that date. The Court then remanded the case for further action consistent with the joint motion for partial remand.
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND
 
In the joint motion for partial remand, the parties agreed that the Board's March 2016 decision did not sufficiently address the severity, frequency, and duration of the Veteran's symptoms due to post traumatic stress disorder. The parties expressed particular concern with the Board's failure to address a September 2011 VA neuropsychology consultation discussion of the appellant's memory problems. The parties also agreed that the issue of a total disability rating due to individual unemployability from October 5, 2009 should be remanded as it was inextricably intertwined with the Veteran's PTSD claim. 
 
In light of the above and after a review of the record, including the September 2011 VA neuropsychology consult, the Board finds that a new VA examination is warranted to clarify the nature and extent of any memory impairment associated with his posttraumatic stress disorder.
 
As the issue of entitlement to a total disability rating due to individual unemployability from October 5, 2009 is inextricably intertwined with issue of entitlement to a disability rating in excess of 50 percent for posttraumatic stress disorder from that date the Board finds that it must also be remanded.
 
With respect to the issues of entitlement to a total disability evaluation based on individual unemployability due to service connected disorders, and a disability rating in excess of 30 percent for posttraumatic stress disorder, each prior to October 5, 2009, the Veteran has requested a hearing before a decision review officer and, should the claims remain denied, a videoconference hearing before a Veterans Law Judge. Hence, further development is required.
 
Accordingly, the case is REMANDED for the following action:
 
1. Obtain any outstanding relevant VA treatment records pertaining to the Veteran's PTSD. Specifically, the AOJ should obtain VA treatment records from the Montgomery, Alabama VA Medical Center dating since January 2013. If the RO cannot locate such records, it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The RO must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The claimant must then be given an opportunity to respond.

2. Thereafter, schedule the Veteran for a joint VA examination by a psychiatrist and psychologist in order to address the severity of his post traumatic stress disorder since May 2005. The examiners must be provided access to the Veteran's electronic VBMS file, Virtual VA file, and a copy of this remand. The examiners are to conduct a detailed review of the Veteran's pertinent medical history, current complaints, and the nature and extent of any disability due to post traumatic stress disorder. A complete rationale for any opinions must be provided. All indicated tests must be performed.

Following review of the Veteran's medical record, to particularly include a September 2011 VA neuropsychological report, the examiners must jointly address the nature of any disability due to post traumatic stress disorder since May 9, 2005. If the disorder has worsened or improved since that date the examiners must identify the basis for each and every increase or decrease in disability due to posttraumatic stress disorder, and state when the change occurred. The examiners must specifically address what, if any, memory impairment is at least as likely as not due to post traumatic stress disorder. If the examiners find that the appellant's memory problems are more likely than not due to a disorder other than post traumatic stress disorder that fact must be noted and a full and complete explanation provided explaining the source of the appellant's memory loss. 

If the requested opinion cannot be rendered without resorting to speculation, the examiners must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiners, i.e., additional facts are required, or the examiners do not have the needed knowledge or training.

3. The Veteran is hereby notified that it is his responsibility to report for the examination, and to cooperate in the development of his claim. He is further advised that the consequences for failure to report for a VA examination without good cause may include denial of his claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to his last known address. It should also be indicated whether any notice sent was returned as undeliverable.
 
4. After the requested development has been completed, the RO should review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures at once.
 
5. Then, schedule the appellant for a hearing before a decision review officer who should thereafter readjudicate the claims. If any benefit sought is not granted, the Veteran and his representative must be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond.

6. Then, and only if the claims remained denied in whole or in part, schedule the Veteran for a video conference hearing with a Veterans Law Judge. 
 
The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).
 


_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).