Citation Nr: 1749182 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 01-06 815 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for degenerative joint disease of the right shoulder (previously claimed as a right arm fracture). 

2. Whether new and material evidence has been received to reopen a claim for service connection for a right elbow disability.

3. Whether new and material evidence has been received to reopen a claim for service connection for infectious hepatitis.

4. Whether new and material evidence has been received to reopen a claim for service connection for hemorrhoids.

5. Whether new and material evidence has been received to reopen a claim for service connection for a right knee disability.

6. Whether new and material evidence has been received to reopen a claim for service connection for a left knee disability.

7. Entitlement to service connection for refractive error of the left eye.

8. Entitlement to service connection for left blepharitis and moderate dry eye.

9. Entitlement to service connection for left eye senile cataracts.

10. Entitlement to a compensable rating for residuals of a fractured left zygomatic arch.

11. Entitlement to a temporary total disability rating for convalescence following right knee surgery.

12. Entitlement to a total disability rating based on individual unemployability (TDIU).

13. Entitlement to special monthly compensation (SMC) benefits based on the need for aid and attendance or on housebound status.

14. Entitlement to service connection for a back disability. 

15. Entitlement to service connection for a bilateral hip disability.

16. Entitlement to a rating in excess of 10 percent for bilateral hearing loss.

17. Entitlement to a rating in excess of 10 percent for scars of the chin and upper lip.


ATTORNEY FOR THE BOARD

M. Sopko, Counsel


INTRODUCTION

The Veteran had active service from July 1943 to April 1946 and from June 1947 to April 1966. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from May 2000, March 2005, April 2006, March 2008, March 2010, and December 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran had two concurrent appeal streams - Docket Number 01-06815 and Docket Number 06-06 016 - which the Board merged into Docket Number 01-06815. The 17 issues above reflect the merged streams.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Board decides Issues 1-2 below. The Board REMANDS Issues 3-17 to the AOJ.


FINDINGS OF FACT

1. In April 2017, VA issued a Statement of the Case (SOC) for Issues 1-2.

2. As of this date, VA has not received a substantive appeal.


CONCLUSION OF LAW

The criteria for timely filing a substantive appeal to the December 2010 rating decision have not been met; the request for appellate review of these issues on appeal is dismissed for lack of jurisdiction. 38 U.S.C.A. §§ 7105, 7108 (West 2014); 38 C.F.R. §§ 20.202, 20.302(b) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board must have jurisdiction to review the denial of a claim. To have jurisdiction, the Veteran must file a timely substantive appeal. After VA has issued a rating decision, the Veteran must submit a written Notice of Disagreement (NOD) within one year of notification of VA's denial of the claim to initiate an appeal. VA subsequently issues a Statement of the Case (SOC) on the matter appealed. The Veteran must perfect the appeal by filing a VA Form 9, "Appeal to the Board of Veterans Appeals," or correspondence containing the necessary information. VA must receive a timely substantive appeal within 60 days of the date of the SOC, or within the remainder of the one-year period of the date VA notifies the Veteran of the decision the Veteran appeals, whichever is later. The substantive appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or determinations being appealed. The date of mailing of the SOC will be presumed to be the same as the date of the SOC. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.200, 20.201, 20.202, 20.302 (2017). 

The Board has the authority to determine whether it has jurisdiction to review a case, and it may dismiss any case over which it does not have jurisdiction. 38 U.S.C.A. § 7105(d)(3); 38 C.F.R. § 20.101(d). The agency of original jurisdiction may close the case for failure to respond after receipt of the SOC. See 38 C.F.R. § 19.32. However, a determination as to timeliness or adequacy of any response for purposes of appeal is within the province of the Board. 38 U.S.C.A. § 7105(d); 38 C.F.R. § 20.101(d). 

Here, VA denied Issues 1-2 in December 2010. The Veteran submitted a timely NOD. In November 2014, the Board remanded these issues for the issuance of a SOC. VA complied by issuing the SOC in April 2017. As of this date, VA has not received a substantive appeal from the Veteran.

As the evidence shows that the Veteran did not perfect a timely appeal, the Board will dismiss the appeal of Issues 1-2 because it lacks jurisdiction.


ORDER

Entitlement to service connection for degenerative joint disease of the right shoulder (previously claimed as a right arm fracture) is dismissed. 

Whether new and material evidence has been received to reopen a claim for service connection for a right elbow disability is dismissed.


REMAND

The case before the Board represents a highly difficult situation caused by the reasoning of a joint motion from the U.S. Court of Appeals for Veterans Claims (Court). 

In March 2005, the RO granted a 10 percent evaluation for bilateral hearing loss. The Veteran submitted a NOD with that decision in April 2005. In November 2005 decision, the Board remanded the issue to the RO to issue a SOC pursuant to Manlincon v. West, 12 Vet. App. 238 (1999). In its July 2007 and March 2009 Remands, the Board again directed the RO to issue a SOC on this issue. A supplemental statement of the case was issued in July 2009.

Pursuant to a vacatur and remand by the Court in January 2007, the Board remanded the service connection claims for a back disorder and a bilateral hip disorder in July 2007, March 2009, and November 2014.

As noted in the Board's November 2005 decision, the Veteran submitted statements in September 2001, May 2004, and November 2004 that raised informal claims for service connection for a bilateral knee disorder, hemorrhoids, hepatitis, and a right arm fracture, as well as for increased disability ratings for service-connected scars of the chin and upper lip and residuals of a fractured left zygomatic arch. The Board noted in November 2005 that the RO began development of some of these issues yet never adjudicated them (it appeared at that time, based on the information in the claims file at the Board). The Board referred the matters to the RO for appropriate action. 

Notwithstanding the above, the Joint Motion to the Court (JMR) indicated that the adjudication of the claims of service connection for a back disorder and a bilateral hip disorder, each claimed as secondary to service-connected disabilities, was "premature" because the RO had not addressed the other new claims of service connection cited above. 

Simply stated, the JMR has taken the position that the claims before the Board may not be adjudicated until such times as the new claims before the RO are fully addressed, notwithstanding the fact that there is no indication that any of the "new" claims the Veteran has raised caused or aggravated the claimed back or hip disabilities.

For example, there is no suggestion, even from the Veteran himself, that his hemorrhoids caused a back or hip disability. Even in the best possible situation the Board can understand, the "new" claim for a bilateral knee disorder, there is no suggestion in this record that even if the bilateral knee disability is granted that this disability caused or aggravated the claimed back or hip disabilities. 

Notwithstanding this, the JMR returned the appeal to the Board to address these "new" issues before a full adjudication of this case could be undertaken on the old claims. In this regard, it must be noted for the record that the Veteran has a proclivity to file different claims at different points in the adjudication process - which occurs sometimes with Veterans and which VA understands.

The Board therefore remanded the secondary service connection claims for a back disorder and a bilateral hip disorder in July 2007, March 2009, and November 2014. The Remands directed the RO to issue a rating decision regarding claims for service connection for a bilateral knee disorder, hemorrhoids, hepatitis, and a right arm fracture, as well as for increased disability ratings for service-connected scars of the chin and upper lip and residuals of a fractured left zygomatic arch. 

In August 2014, the RO issued a deferred rating decision which indicates that rating decisions were issued with respect to these claims in November 2002 (scars), April 2006 (hemorrhoids and hepatitis), and March 2008 (knees).

Pursuant to the Board's March 2009 remand, the RO issued a rating decision in December 2010 which denied entitlement to a rating in excess of 10 percent for scars of the chin and upper lip; service connection for degenerative joint disease, right shoulder (previously claimed as right arm fracture); and denied the petition to reopen the previously denied claim for service connection for a right elbow disability. 

The Board cites the history above in light of the fact that this case has been ongoing for more than 17 years. The Veteran is 93 years of age, which makes the need for a final adjudication on the merits of the Veteran's contentions critical.

In this regard, in light of the fact that the Veteran files claims at different points in the adjudication process, and his age, the Board believes it would have been more efficient in the first issues raised had been addressed fully then if, at any point, claims of service connection were granted the issue of secondary service connection could be revisited (any prior decision could be revised). 

That being said, the Board is bound by the JMR and therefore, the Board cannot adjudicate the claims of service connection for a back disorder and a bilateral hip disorder, each claimed as secondary to service-connected disabilities, until the RO fully adjudicates all pending and new claims which have been filed by the Veteran.

The Board notes that in a recent case the Court provided the following:

Thus, when an attorney agrees to a joint motion for remand based on specific issues and raises no additional issues on remand, the Board is required to focus on the arguments specifically advanced by the attorney in the motion and those terms will serve as a factor for consideration as to whether or to what extent other issues raised by the record need to be addressed. 

Carter v. Shinseki, 26 Vet. App. 534, 542-43 (2014).

Pursuant to this guidance, the Board has focused on the terms of the JMR, as instructed.

The VA apologizes to the Veteran for the delay in the full adjudication of his case. 

The undersigned asks the RO to please expedite this case. 

Beyond the above, another problem, in light of the logic of the JMR, becomes clear:

The issues of entitlement to service connection for "trunk, upper body, or shoulder(s) damage," cervical spine disorders, and neuropathy/radiculopathy of the upper and lower extremities have been raised by the record, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). See, August 2011 Statement in Support of Claim. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017). 

In this regard, the Board cites to its March 2009 and November 2014 Remands in which the Board clearly indicated that the case should not be returned to the Board until "all new claims filed by the Veteran (not simply claims before the Board) have been fully addressed by the RO." (emphasis in original). 

The RO is asked to give this case priority. Clearly under the rationale provided in the JMR, the new claims the Veteran has informally raised, particularly the new claim of radiculopathy of the lower extremities, would provide the basis for the parties of the JMR to return any Board decision regarding the claims of service connection for back disorder and the bilateral hip disorder, claimed as secondary to service-connected disabilities, once again, notwithstanding the situation. The rationale would be the same as the one provided in the 2006 JMR. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. As the Board noted in March 2009 and November 2014, the RO should adjudicate the referred claims before returning the appeal to the Board. The Board realizes the unique circumstances of this case, but it feels compelled - for the reasons articulated above - to proceed in this manner. 

2. Then, consider all of the evidence of record and readjudicate the issues on appeal. If any benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran, and return the appeal to the Board after the Veteran has had an adequate opportunity to respond.

The RO is asked to review the Joint Motion prior to returning this case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs