Citation Nr: 1755098 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 12-06 162 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. 


REPRESENTATION

Appellant represented by: Marc Whitehead, Attorney


ATTORNEY FOR THE BOARD

J. Crawford, Associate Counsel



INTRODUCTION

The Veteran served on active duty with the United States Air Force from March 1975 to November 1976.

This appeal comes to the Board of Veterans' Appeals (Board) from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

The issue of entitlement to a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome, was remanded by the Board in October 2015 and May 2017 for further development. As will be discussed in greater detail below, the Veteran's attorney submitted a notice indicating the Veteran's desire to withdraw this issue from appeal. See September 2017 Appeals Satisfaction Notice. 

Furthermore, in its May 2017 decision, the Board noted that the Veteran timely filed a notice of disagreement (NOD) in September 2016 with respect to a November 2015 rating decision, which in pertinent part, denied entitlement to a TDIU. The Board noted that, although a statement of the case (SOC) had not yet been issued, the NOD had been acknowledged by the RO, and therefore declined to remand it under Manlincon v. West, 12 Vet. App. 238 (1999), where an NOD had not been recognized by the RO. However, since the May 2017 decision, a SOC still has not been issued. Therefore, the Board accepts limited jurisdiction over this claim and directs that the RO issue a SOC, as directed below, in accordance with 38 C.F.R. § 19.26 (2017) and Manlincon v. West, 12 Vet. App. 238 (1999). 

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).





FINDING OF FACT

On a September 11, 2017 appeals of satisfaction notice, the Veteran withdrew from appellate review his claim of entitlement to a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome.


CONCLUSION OF LAW

The claim for entitlement to a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome is dismissed as the claim has been withdrawn. 38 U.S.C. §§ 7104, 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 19.4, 20.101, 20.202, 20.204 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). However, as the Veteran's claim is being dismissed for reasons that are explained in greater detail below, further discussion of VA's duty to notify and assist is not necessary.

II. Factual Background, Legal Criteria, Analysis

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105 (2012). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2017). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204 (2017).

In September 2017, the Veteran's attorney submitted an appeals satisfaction notice. The notice stated, in part, that the Veteran had received recent correspondence regarding the decision to grant one more of her issues on appeal. Based on the decision rendered, she was satisfied and wished to withdraw all remaining issues associated with the appeal and asked to withdraw all remaining issues contained in the most recent SOC or supplemental SOC (SSOC) (here, an August 2017 SSOC). Thus, the Veteran has withdrawn her appeal for the issue of entitlement to a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome. Therefore, no allegations of error of fact or law for appellate consideration are remaining. Accordingly, the Board does not have jurisdiction to review the appeal on this issue and it is dismissed. 


ORDER

The appeal seeking a rating in excess of 20 percent for right hip degenerative arthritis, snapping iliotibial band syndrome, is dismissed. 


REMAND

As explained in the Introduction, the Veteran has initiated an appeal with the denial of her claim for TDIU. See November 2015 rating decision; September 2016 NOD. To date, the Veteran has not been provided an SOC or given an opportunity to perfect the appeal of her TDIU claim to the Board by filing a timely substantive appeal, VA form 9 or equivalent statement. Therefore, the Board must remand this claim, rather than referring it. An SOC must be issued and the Veteran given an opportunity to perfect the appeal of the TDIU claim to the Board. See Manlincon v. West, 12 Vet. App. 238 (1999). 

Accordingly, the case is REMANDED for the following action:

Furnish the Veteran and her attorney with an SOC pertaining to the issue of entitlement to a TDIU. This claim should not be returned to the Board unless the Veteran perfects an appeal by filing a timely substantive appeal. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs